In the Matter of BES CORPORATION, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied petitioner's application for revision or refund of certain sales or use taxes imposed under articles 28 and 29 of the Tax Law. By notice of determination dated May 29, 1973, petitioner was assessed the sum of $6,759.91 for sales taxes due and owing for the period September 1, 1965 through November 30, 1971. The State Tax Commission, on December 1, 1976, sustained the notice of determination and demand for payment of sales taxes. Petitioner is a New Jersey corporation engaged in the business of manufacturing and selling uniforms, gym suits and other apparel to parochial schools. When a parochial school requests petitioner to furnish its products, petitioner and the person in charge of the school negotiate the prices, the styles and quality of garment relative to such purchases. The dates for measuring the students and delivery dates are negotiated between petitioner and the school. In the beginning, the school arranged for the fittings and received the garments from petitioner and distributed them to the students, and the school would pay petitioner, and the students would pay the school. Over the past years when the school personnel was reduced by a shortage of sisters and priests, the school did not have the personnel to arrange for the measuring or to handle the collection of the moneys. It was agreed that the measuring would be done by a representative of petitioner at the school. When the uniforms were completed, petitioner would send the uniform directly to the student, and would be paid by the student's parents. Petitioner did not solicit sales from the students, nor did it negotiate the prices with the students, but

instead with the school. Further, there was no negotiation between the parents of the students and petitioner, and the parents of the students paid for the uniforms to whomever the school directed. In some cases, the students paid the school, and the school would then forward the payment to petitioner. In addition, the schools were granted a discount by petitioner on the sales, and the payment of the discount was made directly to the schools by petitioner, since it was customary in this industry for the school to receive a small percentage from the purchase price of the uniforms. The issue presented is whether sales of uniforms for students at a parochial school, an exempt organization, are subject to sales tax when the vendor ships the uniforms directly to the students and, in many cases, collects payments therefor directly from the students' parents. Subdivision (a) of section 1116 of the Tax Law provides that: "any sale or amusement charge by or to any of the following * * * shall not be subject to the sales and compensating use taxes imposed under this article: * * * (4) Any corporation, association, trust or community chest, fund or foundation, organized and operated exclusively for religious, charitable * * * or educational purposes". Under the circumstances here, which subjected the transactions to tax, the conduct of the negotiations resulting in petitioner's sales was carried on with representatives of the schools for the benefit of the schools. The lack of contact between petitioner and the students and their parents leads to the conclusion that the decisions relating to the purchases were made by the schools as to price, method of payment and manner of delivery. It is clear from the actions of petitioner, the schools, the students and their parents that it was the intention of the parties that the sales of uniforms and other apparel were by petitioner to the schools. This becomes evident when it was the school which received the discount on the price which had been paid by the parents. The services performed by petitioner relative to the students' measurements, delivery of uniforms and payments direct from the parents was strictly for the benefit of the schools. Article 28 of the Tax Law, providing for sales and use taxes, imposes a special tax which must be strictly construed in favor of the taxpayer (Matter of American Locker Co. v Gallman, 38 AD2d 105, affd 32 NY2d 175). To impose a sales tax on this type of transaction would be penalizing the school. From the uncontroverted evidence, there were sales from petitioner to various schools which are tax-exempt organizations, and such sales are not subject to the sales tax (Matter of Sweet Assoc. v Gallman, 36 AD2d 95, affd 29 NY2d 902). Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith. Kane, J. P., Staley, Jr., Main, Larkin and Herlihy, JJ., concur.