In the Matter of C. H. HEIST CORP., Petitioner, v STATE TAX COMMISSION, Respondent.

Third Department, March 8, 1979

500

---

### APPEARANCES OF COUNSEL

*Borins, Halpern, Setel, Snitzer, Levy, Yellen & Fradin, P. C. (Harold M. Halpern* of counsel), for petitioner.

*Robert Abrams, Attorney-General (W. Alexander Melbardis* and *Ruth Kessler Toch* of counsel), for respondent.

### OPINION OF THE COURT

SWEENEY, J. P.

While the facts are rather lengthy, a full recitation is necessary for an understanding and resolution of the issues. Petitioner is engaged in the cleaning and maintenance of machinery and areas encrusted with excess product used and thrown off by machines in the productive process. The machinery used in this operation is composed of parts purchased throughout the country and shipped into petitioner's assembly plant in New York State where the machines are assembled. Initially, the machinery is tested at the assembly plant and thereafter sent out on a job in order to be tested under actual field conditions. Customers are charged the normal rate for this service. After testing is completed the machinery is permanently sent to petitioner's locational offices maintained throughout North America which then service customers within their respective territories.

Respondent assessed petitioner some $97,000, including penalties and interest, for sales and use taxes for the period in question. Approximately $27,000 was for failure to pay use taxes on the cleaning machinery which was assembled and

tested in this State, but thereafter permanently used without the State.

Petitioner contends that the use tax imposed on cleaning machinery was improper since such machinery falls within the exemption of section 1119 (subd [a], par [4]) of the Tax Law. Pursuant to this section, property is exempt if its use is restricted to fabrication which includes assembling and is then shipped outside the State for use outside the State. Petitioner argues that the fabrication process necessarily involved testing the machinery under field conditions and, consequently, was an integral part of the process.

■■ It is well established that exemption statutes are to be strictly construed against the taxpayer *(Matter of Grace v New York State Tax Comm.,* 37 NY2d 193, 196). An examination of the record in light of this principle compels us to reject petitioner's contention. The record reveals that petitioner apparently charged its customers the same fee for services rendered by the machinery in question as it did for services rendered by machinery which was not being tested. The record also demonstrates that the testing time varied greatly, from 8½ hours to 130 hours. The respondent could reasonably conclude that the testing time depended on the time required to complete a particular job rather than on the time necessary for testing purposes. The determination that the machinery in question was subject to the use tax, in our view, is not irrational or unreasonable and, therefore, should be upheld *(Matter of Howard v Wyman,* 28 NY2d 434, 438).

■ Petitioner further contends that even if the machinery is taxable, the tax should be limited to its fair rental value during the period it was used in this State and not its full value. The tax on such property, if used within the State for a period of less than six months, may be based, at the option of the taxpayer, on the fair rental value of the property (Tax Law, § 1111, subd [b], par [2]). The record establishes that the property in question was used within the State for a maximum of 132 hours and then shipped out of the State. On this record, it is our opinion that petitioner is entitled to the option set forth in the statute, and was not afforded an opportunity to exercise such option before the assessement in question.

■ We now pass to petitioner's contention that respondent improperly assessed sales taxes on moneys received for services performed for Mobil and DuPont Corporations pursuant

to contracts for terms exceeding 30 days. The relevant statute (Tax Law, § 1105, subd [c], par [5]) specifically exempts from tax moneys received for "interior cleaning and maintenance services performed on a regular contractual basis for a term not less than thirty days". Respondent concluded that the term "interior cleaning" applies only to "ordinary janitorial services" and not to the services performed by petitioner. Since respondent's determination in this regard is not irrational or unreasonable, it should not be disturbed.

Finally, we reject petitioner's contention that the penalties assessed against it should have been reduced by the respondent to the statutory minimum. While under appropriate circumstances respondent may remit all or any part of a penalty (Tax Law, § 1145, subd [a], par [1]), we find no authority, either judicial or statutory, requiring such a reduction on the ground that the taxpayer relied in good faith on the advice of legal counsel.

The determination should be modified by remitting the matter to respondent tax commission with the direction that respondent provide petitioner with the opportunity to exercise its option as to whether or not the use tax on the machinery in question is to be based on the fair rental value for the period of use within this State, and, as so modified, confirmed, without costs.

KANE, STALEY, JR., MIKOLL and HERLIHY, JJ., concur.

Determination modified by remitting the matter to respondent tax commission with the direction that respondent provide petitioner with the opportunity to exercise its option as to whether or not the use tax on the machinery in question is to be based on the fair rental value for the period of use within this State, and, as so modified, confirmed, without costs.