■ In the Matter of ORMSBY HAULERS, INC., et al., Petitioners, v JAMES H. TULLY et al., Individually and Constituting the State Tax Commission, et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which denied revision of a determination of a sales and use tax assessment imposed under article 28 of the Tax Law. Prior to the incorporation of petitioner Ormsby Haulers, Inc., petitioners Kenneth and Raymond Ormsby each owned a tractor and trailer which they used primarily to haul lumber, wood pulp and wood chips for the Elliott Hardwood Co. (Elliott). At that time, Elliott carried them on its payroll largely for workers' compensation insurance purposes. Elliott refused to continue the Ormsby brothers on its payroll after a compensation claim was disputed by Elliott's insurance carrier, and when Elliott required the Ormsby brothers to obtain compensation insurance elsewhere, incorporation became necessary. The trailers owned by the Ormsby brothers were transferred to the new corporation, but each brother retained his own tractor. In arranging for a job, customers hire the corporation and not an individual driver. Checks are made payable to the corporation, which is paid for each job on a piece-work basis. The corporation retains 10% of each check with the remaining 90% going to the Ormsby brother performing the work in question. Each brother also receives a salary of $160 per week, which is deducted from his 90% share. Payments in excess of the $160 salary were originally listed in the corporate books under "Truck Rental", later changed to "Hauling". The corporation also owns a tractor and a truck, which are operated by drivers who are paid a percentage of the gross payment received by the corporation as salary. The Sales Tax Bureau determined that the use of the Ormsby brothers' personally owned tractors for corporation purposes constituted a rental of those

tractors to the corporation, and, therefore, a sale within the meaning of article 28 of the Tax Law. Following a hearing, the State Tax Commission issued its final determination in which it waived penalties and interest, but otherwise upheld the tax bureau's conclusion that a sales tax was owed. Subdivision (a) of section 1105 of the Tax Law imposes a sales tax on "The receipts from every retail sale of tangible personal property". Section 1101 (subd [b], par [5]) defines a "sale" to include any "rental", which in turn is defined by the tax regulations to mean "all transactions in which there is a transfer of possession of tangible personal property without a transfer of title to the property" (20 NYCRR 526.7 [c] [1]). The transfer of possession may be "actual or constructive" and may consist of "the right to use, or control or direct the use of" the transferred property (20 NYCRR 526.7 [e] [3]). The regulations also provide that if "a lease of equipment includes the services of an operator, possession is deemed to be transferred where the lessee has the right to direct and control the use of the equipment" (20 NYCRR 526.7 [e] [5]). Petitioners contend that possession of the tractors was not transferred because the corporation has no responsibility for the vehicles; that each vehicle was under the complete control of the individual owner who was paid on a contract basis; and that, therefore, the determination under review is not supported by substantial evidence. We do not agree. The commission's construction of what constitutes a rental within the meaning of the sales tax statute is reasonable, and there was a rational basis from which the commission could conclude that petitioner's activities in this case were properly subject to the sales tax. The tractors which the commission held were rented to the corporation are owned by Kenneth and Raymond Ormsby, who are the directors, officers, employees and sole stockholders, and, as such, they are intimately involved in all aspects of the management and operation of the corporation. It is clear that Elliott and other customers hire the corporation and not the brothers as individuals. The brothers thus fulfill corporate purposes and not individual ones when driving for the corporation. Since the tractors are used for corporate purposes by persons acting on behalf of the corporation, it was rational for the commission to conclude that a "transfer of possession" took place, where, as here, the applicable regulations set forth above require only "constructive" possession, and apply where the transferee has "the right to use, or control or direct the use of" the transferred property (see *Matter of Maplecrest Sausage Co. v Tully,* 67 AD2d 329, 331). Petitioners chose their form of business operation and must bear the tax consequences (see *Matter of Sverdlow v Bates,* 283 App Div 487, 491). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.