In the Matter of Concrete Delivery Co., Inc., Petitioner, v State Tax Commission, Respondent.

Third Department, December 20, 1979

APPEARANCES OF COUNSEL

*Albrecht, Maguire, Heffern & Gregg, P. C. (Ralph J. Gregg* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Carl E. Stephan, Shirley Adelson Siegel* and *William J. Kogan* of counsel), for respondent.

OPINION OF THE COURT

Herlihy, J.

The petitioner is in the business of transporting cement from cement producers to their customers. The respondent has

held that the rental payments made by the petitioner pursuant to agreements with owner-operators who haul for it are subject to the sales tax. It is undisputed that if the use of the nonowned tractors is pursuant to a rental agreement giving the petitioner full dominion and control over the same, the transaction is a sale (rental) pursuant to the Sales Tax Law (Tax Law, § 1101, subd [b], par [5]).

The issue is whether or not the determination of the respondent that the transaction gave the petitioner full dominion and control over the nonowned vehicles is supported by substantial evidence.

At the outset it is observed that the petitioner has included in its briefs several allegations of matters which amount to an inherent denial of due process and which are nothing more than speculation and serve only to distort the function of the brief as a tool in the appellate process. To the extent that the administrative system of determining a taxpayer's liability for sales taxes is perceived to be "unfair", the relief lies with the Legislature. It is the province of the court to confirm the commissioner if there is a rational basis for his action and what the personal opinion of members of the court might be, based upon the plea of the petitioner, is not controlling, nor is the fact that the commissioner found differently than the hearing officer controlling.

The petitioner obtained the services of the independently owned trucks by entering into written agreements with the owners thereof, referred to in the trade as "jack bilt" leases. The agreement is entitled "Agreement, Contract and Lease" and it identifies the owner as being the lessor and the petitioner as being the lessee for a definite term of a specific truck-tractor. The agreement provides that the transfer of "equipment" (truck) takes place at "Rochester, New York" and states: "[T]he leased equipment under this agreement is in the exclusive possession, control, and use of the * * * LESSEE and that * * * LESSEE assumes full responsibility in respect to the equipment it is operating, to the public, the shippers, and the INTERSTATE COMMERCE COMMISSION." The agreement also provides for a rate of compensation which includes the services of a driver of the truck; however, it is specified in paragraph 14 thereof that the lessee must pay the driver for his services. Finally, it is noted that the printed portion of the agreement is more distinctly oriented toward serving as a form agreement for a truck involving a specific

trip rather than on a time basis. Nevertheless, the agreement upon its face in this case is for a period of time and not for any particular transportation project or service.

For the tax year in question the owner-operators (lessors) were compensated by the petitioner paying to them a percentage of the tariff which it in turn received as compensation from its customers.

The petitioner adduced uncontroverted evidence at the hearing held in this case to establish that as a matter of fact it and its lessors entered into the "jack bilt" agreements only because such were necessary to meet the State and Federal requirements applicable to truckers—namely, that it be legally vested with the right to the "exclusive possession, control and use" of the trucks (cf. 17 NYCRR 845.3 [a] [4]). Petitioner insists that because both parties actually regarded the agreement as a sham and the owner-operators fully performed as independent contractors there was no rental of the truck by it. Assuming a simple fee splitting arrangement, nevertheless, it cannot be said that the legal rights of petitioner in the trucks are to be ignored. The base agreements more than provide substantial evidence and a reasonable basis for the respondent's conclusion that the acquisition of the rights in the truck was a taxable rental as to petitioner. (See *Matter of Ormsby Haulers v Tully,* 72 AD2d 845.)

The method of payment—fee split—does not as a matter of law convert the rental payment into a receipt for a transportation service *(Matter of Ormsby Haulers v Tully, supra).* It is apparent from further contentions of the petitioner that it fails to recognize that the tax is levied upon its *rental payments* and not upon the receipts from its customers.

The determination should be confirmed, and the petition dismissed, with costs.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Determination confirmed, and petition dismissed, with costs.