OPINION OF THE COURT
Memorandum.
The judgment of the Appellate Division should be affirmed, with costs.
There is substantial evidence in the record to sustain the determination of the State Tax Commission, following an evidentiary hearing, that prior to April 1, 1969 the taxpayer had not "irrevocably entered into” a "pre-existing lump sum or unit price construction contract” within the contemplation of subdivision (a) of section 1119 of the Tax Law. Taxpayer’s predicament stems from the insufficiency of the proof submitted in support of his application for revision of the commis *846 sioner’s determination of his liability for sales and use taxes. The factual background is described in the majority opinion at the Appellate Division (66 AD2d 925).
At the hearing, in addition- to testimony as to previous transactions between the parties and as to material purchased for and work performed on the project prior to April 1, 1969, taxpayer introduced only two pages of the alleged contract, the first page setting forth the date June 21, 1968 and a payment obligation of $2,451,000, and the last page bearing the signatures of the parties and the date August 19, 1969. No proof was offered as to the number, form or content of the intervening pages. Nor was there any testimony as to the dates, places or circumstances of any communications between the parties. Although a performance bond might not necessarily have been required, no proof was tendered that any such bond (which would have provided objective, independent corroborative evidence of the existence of a binding agreement) had been executed or that such a bond had not been required. Although taxpayer stated that the agreement was entered into on June 28, 1968 he gave no reason for the delay until August, 1969 for affixing signatures. Without taking the position that the statute necessarily required the pre-April, 1969 execution of a written contract, the commissioner determined that the proof submitted was insufficient to establish that a construction contract of the substance required by the statute had been "irrevocably entered into” prior to the cutoff date. We cannot say that there is not substantial evidence in the record to support that conclusion.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Judgment affirmed.