OPINION OF THE COURT
 

 Jones, J.
 

 Where heavy-duty, industrial cleaning machines, assembled by the taxpayer in New York State (from component parts purchased outside the State with respect to which use taxes are payable) for ultimate shipment out of the State are used during the in-State testing period in the performance of the taxpayer’s regular customer service contracts, the taxpayer is not entitled to refund or credit of such use taxes on the theory that the testing is an integral part of the fabrication of the machines. Nor is the taxpayer entitled in these circumstances to elect to have the use taxes computed on the basis of fair rental value rather than purchase price. Finally,
 
 *442
 
 the industrial cleaning services rendered within the State by this taxpayer do not fall within the exclusion from taxation of janitorial cleaning services for purposes of the sales tax.
 

 The taxpayer is engaged in the specialized business of cleaning industrial machinery, primarily in the plastics and petroleum industries, through the use of truck-mounted, high-pressure water units. It has operating offices throughout continental United States and in Puerto Rico and Canada, but all the design, assembly and fabrication of its cleaning units is done at a single location in Cheektowaga, New York. Parts for its machines are purchased throughout the United States and shipped to Cheektowaga for assembly. The finished machines are then used on jobs for industrial customers in New York State for field testing under actual operating conditions. The testing periods for the 16 cleaning units involved in this appeal ranged from 8.5 to 132 hours. Satisfactory functional performance having been assured, the machines are then shipped to various locations outside New York State for use by the taxpayer in providing customer service.
 

 Following audit the Sales Tax Bureau issued a notice of determination and demand for the payment of sales and use taxes for the period September 1, 1969 to August 31, 1972 in the amount of $97,589.07, including interest and penalties. Additional tax liability was asserted in the amount of $65,533.78, of which $38,038.93 represented asserted sales tax deficiency and $27,514.83 was for use tax deficiency. The latter amount included $1,871.10 for taxable out-of-State purchases for repairs of cleaning units located in the Buffalo area (to which tax liability the taxpayer consented) and $25,643.73 for assertedly taxable out-of-State purchases of component parts for cleaning units assembled in New York, field tested and then shipped out of the State for use elsewhere. The taxpayer requested a hearing, claiming that it was not liable for the sales taxes and was entitled to an offsetting refund or credit with respect to the use taxes. Following the hearing the State Tax Commission issued a determination upholding the prior notice of determination. The taxpayer then instituted the present proceeding to review the commission’s determination. The Appellate Division confirmed the imposition of the sales taxes and the denial of refund or credit with respect to the use taxes, but modified to permit the taxpayer to elect to have the use taxes computed on fair rental value rather than purchase price under section 1111 (subd [b], par [2]) of the Tax
 
 *443
 
 Law. The case is now before us on cross appeals by leave granted by our court. In our turn we undo the modification at the Appellate Division and confirm the determination of the commission without change.
 

 On the taxpayer’s appeal two issues are tendered. The first relates to its liability for use taxes and particularly to the commission’s determination that the taxpayer is not entitled, under section 1119 (subd [a], par [4]) of the Tax Law, to refunds or credits with respect to use taxes paid on the purchase of component parts used in the assembly of its cleaning machines which are shipped out of the State after field testing. That clause provides that refunds or credits shall be allowed "(4) on the sale or use within this state of tangible personal property, not purchased for resale, if the use of such property in this state is restricted to fabricating such property (including incorporating it into or assembling it with other tangible personal property), processing, printing or imprinting such property and such property is then shipped to a point outside this state for use outside this state”. It appears that the taxpayer has recognized that use taxes were payable with respect to the out-of-State purchases of the component parts for these cleaning machines. It contends, however, that it is entitled to an economic offset by way of refund or credit under this clause. The critical question is whether the commission was warranted in concluding that the use to which the taxpayer put its finished cleaning machines during the period of testing before shipping them out of State was not part of "fabricating” the machines within the meaning of the statute. The testing was conducted, not at the taxpayer’s plant or in its laboratories but at the property of its customers, by use of the newly assembled units in the performance by the taxpayer of in-State customer service contracts, for which charges at regular rates were made to the customers. Assuming without deciding that in other situations testing without more could be considered an integral final state of fabrication, it cannot be said that there was not substantial evidence to sustain the determination of the commission that in this case the use to which the finished machines were put went beyond fabrication, thus taking; that use out of the operational scope of paragraph (4). The use here served dual purposes — providing the opportunity for field testing and at the same time satisfying performance obligations of the taxpayer under its customer service contracts. This latter use was of sufficient
 
 *444
 
 independent substance to sustain the commission’s denial of refunds or credits.
 

 The second issue on the taxpayer’s appeal relates to its liability for sales taxes and is based on its contention, which was rejected by the commission, that services performed by the taxpayer within the State of New York for Mobil and Du Pont corporations pursuant to long-term contracts were ex-cludable from the sales tax under the last clause of section 1105 (subd [c], par [5]) of the Tax Law. Under that paragraph a sales tax is imposed on the receipts from the sale of services in "Maintaining, servicing or repairing real property, property or land” but "excluding interior cleaning and maintenance services performed on a regular contractual basis for a term of not less than thirty days, other than window cleaning, rodent and pest control and trash removal from buildings.” The taxpayer asserts that its cleaning services come within this exclusionary clause. We have recently upheld the selective determination of the commission in the application of the exclusion of paragraph (5) to receipts for services for elevator repairs
 
 (Matter of National Elevator Ind. v New York State Tax Comm.,
 
 49 NY2d 538). In this instance the commission determined that this taxpayer’s services in cleaning industrial machinery, which were found to be of a "specialized, technical nature requiring custom fabricated equipment and skilled laborers”, did not come within the exclusion (interpreted by the commission essentially to refer to ordinary janitorial services). We cannot say that this determination was arbitrary or capricious. (See Memorandum 1 of Law Bureau, Information Letter No. 9, Sept. 3, 1965 [2 CCH, NY State Tax Rep— Sales & Use Taxes, par 60-135.10]; cf.
 
 Matter of Great Lakes Dredge & Dock Co. v Department of Taxation & Fin. of State of N. Y.,
 
 39 NY2d 75, 78-79.)
 

 Accordingly, on the appeal of the taxpayer there should be an affirmance.
 

 On the appeal of the Tax Commission but a single issue is tendered, related to the computation of the use tax. The Appellate Division in reliance on the provisions of section 1111 (subd [b], par [2]) of the Tax Law held that the taxpayer had the option of electing to have the compensating use tax payable with respect to the component parts (which had been purchased out of State for cleaning machines to be shipped out of the State after assembly) computed on fair rental value
 
 *445
 
 of the property for the period of use in New York rather than on purchase price.
 
 *
 
 This appears to have been error.
 

 Subdivision (b) of section 1111 on which the taxpayer relies provides as follows:
 

 "(b) Tangible personal property, which has been purchased by a resident of New York state outside of this state for use outside of this state and subsequently becomes subject to the compensating use tax imposed under this article, shall be taxed on the basis of the purchase price of such property, provided, however:
 

 "(1) That where a taxpayer affirmatively shows that the property was used outside such state by him for more than six months prior to its use within this state, such property shall be taxed on the basis of current market value of the property at the time of its first use within this state. The value of such property, for compensating use tax purposes, may not exceed its cost.
 

 "(2) That the compensating use tax on such tangible personal property brought into this state (other than for complete consumption or for incorporation into real property located in this state) and used in the performance of a contract or subcontract within this state by a purchaser or user for a period of less than six months may be based, at the option of the taxpayer, on the fair rental value of such property for the period of use within this state.”
 

 This subdivision affords the taxpayer limited economic relief by way of reduction in the amount of tax where the property in question has been used out of the State but is subsequently brought into the State. Property having such an out-of-State character is treated differently from property which has had a New York State character from the time of its purchase. In the latter case, the situs of purchase is intentionally given no legal significance; if the situs is within the State a sales tax is payable on the full purchase price and if the situs is outside the State the compensating use tax is payable on the same basis. As to property previously used out of the State the diminution in tax is of two types — if the property in question has been used out of State for more than six months the use tax is computed on its current market value rather than on
 
 *446
 
 its purchase price (subd [b], par [1]). If the property is used within the State in the performance of a contract hére for less than six months, the taxpayer may elect to have the tax computed on its fair rental value rather than on its purchase price (subd [b], par [2]). To become entitled to either reduction in the amount of tax the taxpayer must establish the out-of-State character of the property by proof of its prior use out of the State. The applicable regulation of the Department of Taxation and Finance comports with this analysis; it is entitled "Property used outside of State prior to use in New York” (20 NYCRR 531.4).
 

 In the present case, so far as appears from the record the component parts of the cleaning machines were shipped directly to New York without any prior out-of-State use. In this circumstance it was error to afford the taxpayer the right to avail itself of the optional valuation under paragraph (2). Therefore on the commission’s appeal there should be a reversal.
 

 Accordingly, the order of the Appellate Division should be modified, with costs to the State Tax Commission, by deleting the direction therein remitting the case to the commission to provide an opportunity to the taxpayer to elect the optional valuation method, and, as so modified, affirmed.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler, Fuchsberg and Meyer concur.
 

 Order modified, with costs to the State Tax Commission, in accordance with the opinion herein and, as so modified, affirmed.
 

 *
 

 This issue was not raised before the commission and is not addressed in the commission’s determination. Nor was it raised in the taxpayer’s petition in the article 78 proceeding.