■ IN THE MATTER OF PETROLANE NORTHEAST GAS SERVICE, INC., et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a sales tax on payments made by petitioners pursuant to a personal property lease. Involved herein are three corporate parties. Socony Mobil Oil Company, Inc. (hereinafter Socony) is a New York corporation with a principal place of business in Houston, Texas. Petrolane Northeast Gas Service, Inc. (hereinafter Petrolane) is a Delaware corporation licensed to do business in New York and a subsidiary of Petrolane, Inc., a California corporation, and is engaged in the sale of propane gas in several eastern States. Elpeege Northeast, Inc. (hereinafter Elpeege) is a Delaware corporation licensed to do business in New York. Elpeege was incorporated in 1964. Socony and Petrolane each own 50% of the stock of Elpeege. On May 1, 1964 Socony sold to Elpeege certain equipment to be used in the business of storing, selling and handling liquid propane for $4,800,000. The purchase was financed by a promissory note for that amount executed by Elpeege to Socony. The note was secured by a chattel mortgage and assignment to Socony of all rents and coincidental charges receivable under a lease of the purchased equipment between Elpeege, as lessor, and Socony and Petrolane, as lessees. The equipment lease agreement was for a 15-year term after which the equipment was to be returned to Elpeege. Under its provisions, the lessees guaranteed the lease and all payments due thereunder. In December, 1974 Petrolane purchased from Socony all its interests in Elpeege and the lease agreement. The respondent State Tax Commission, in December, 1975, assessed Petrolane a total of $68,453.71 for past sales tax due on payments made under the lease to Elpeege. Elpeege was assessed $59,916.67 by the tax commission. Petrolane consented to pay $26,751.02 for taxes not contested in this proceeding. Petrolane's application for a redetermination of the assessments made both on its own and as successor to Elpeege was denied by respondent. Petitioners argue that the transaction in question is a sale made prior to the effective date of the sales and use tax statute, August 1, 1965, and, therefore, it is not a taxable transaction. Petitioners contend that the characterization of the transaction as a lease is not controlling and that respondent should have looked not to the form of the transaction, but to its substance. In our view, the position of the petitioners is incorrect and the determination of the tax commission must be sustained if supported by substantial evidence.

Whether a transaction is a sale or lease will be determined according to its provisions. The general rule is to look through the form of the transaction and examine its substance (see *Matter of Sherwood Diversified Servs.,* 382 F Supp 1359; *Mt. Mansfield Tel. v United States,* 239 F Supp 539). However, substantial sale characteristics cannot change the identity of a transaction which is, in undeniable form, a lease *(Matter of Sverdlow v Bates,* 283 App Div 487). A lease transaction is taxed on each rental payment at the time paid, regardless of the date of the agreement (20 NYCRR 525.2 [a] [2]). The tax is on use and possession of the lease property for each rental period as it individually accrues (see *Matter of Ormsby Haulers v Tully,* 72 AD2d 845; *Matter of Concrete Delivery Co. v State Tax Comm.,* 71 AD2d 330). The instant agreement has many characteristics of a lease. Title at all times remained in the lessor, Elpeege. The title was not held only for security as in a security agreement or a conditional sale and thus was not excluded under the sales tax law (20 NYCRR 526.7 [c] [1] [3]). Possession was granted to the lessees in exchange for reasonable rent. Rent was computed partly by a fixed monthly amount, and partly by a variable formula to insure the lessor's purchase-money mortgage obligations. Rent was not equal to, or even related to, the purchase price or fair market value of the leased goods. Upon the termination of the lease, after a fixed period of 15 years, possession was unconditionally to revert to the lessor. The absence of an option to purchase at the termination of the lease period is a most persuasive factor. Viewed as a whole, the transaction at bar is clearly a taxable lease (cf. *Matter of Exley v Village of Endicott,* 51 NY2d 426). Sales tax laws and regulations, it is true, must be strictly construed in favor of the taxpayer *(Matter of Bes Corp. v Tully,* 61 AD2d 1097). However, once an assessment has been made, the burden of proof is on the taxpayer to show it was not properly applied to him (see *Matter of Grace v New York State Tax Comm.,* 37 NY2d 193; *Matter of Young v Bragalini,* 3 NY2d 602). The determination of the State Tax Commission is not to be disturbed upon review unless clearly shown to be erroneous *(Matter of Young v Bragalini, supra).* Where, as here, the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must initially apply it, the reviewing court's function is limited. The judicial role is exhausted as long as there is, as here, substantial evidence for the agency determination (CPLR 7803, subd 4; *Hidley v Rockefeller,* 28 NY2d 439). Petitioners' argument that the lease agreement is exempt from tax since it was made prior to August 1, 1965, is without merit (cf. *Matter of Underhill Constr. Corp. v Tax Comm. of State of N. Y.,* 49 NY2d 844). Although the agreement was entered into prior to the effective date of the sales tax law, it was performed thereafter, when each rental payment was made and is within the bounds of the statute (Tax Law, § 1106, subd [a]). Finally, we reject petitioners' contention that penalties and interest were improperly charged against them. Petitioners' reason for the failure to file or pay the contested sales taxes on time was reliance on the legal advice of its attorneys. Reduction of penalties and interest is a matter of discretion for the commission under the statute (Tax Law, § 1145, subd [a]). Moreover, reduction is not required in such circumstances *(Matter of Heist Corp. v State Tax Comm.,* 66 AD2d 499, 503). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Herlihy, JJ., concur.