■ In the Matter of CREDIT BUREAU OF CENTRAL NEW YORK, INC., Petitioner, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term entered in Albany County) to review a determination of the State Tax Commission which sustained a sales tax assessment imposed pursuant to articles 28 and 29 of the Tax Law.

Petitioner is in the business of providing consumer credit information to its member businesses and to other credit-reporting companies. Only members are entitled to credit reports from petitioner, except that credit-reporting companies in other geographic locations may obtain reports by paying fees which are negotiated individually. In order to become a member, petitioner requires the payment of dues in the amount of $7.50 per month. In addition to the membership fee, members must pay a separate amount for each credit report ordered. Petitioner did not collect sales tax on the membership fees.

Petitioner also offers a program for expediting the process so that members and credit agencies can obtain information more quickly. Petitioner's procedure for expediting reports is to gather information by telephone, instead of waiting for the mail, and to separately charge the customer for the added telephone

expenses. With the exception of the additional telephone charges, the cost of expedited reports is the same as the usual reports. Petitioner did not collect sales taxes on the additional telephone charges.

An audit covering the period from June 1, 1974 to May 31, 1977 resulted in a determination by the Department of Taxation and Finance that additional taxes were due. Petitioner requested a hearing. The parties agreed upon certain facts and conclusions and stipulated that the only remaining issues were (1) whether the membership fees were taxable, and (2) whether the telephone charges passed along to customers were taxable.

The applicable statute is section 1105 of the Tax Law, which provides in pertinent part:

"(c) The receipts from every sale, except for resale, of the following services [are taxable]:

(1) The furnishing of information by printed, mimeographed or multigraphed matter or by duplicating written or printed matter in any other manner, including the services of collecting, compiling or analyzing information of any kind or nature and furnishing reports thereof to other persons". The general provisions of the statute are addressed with more specificity by the Department's regulations, the relevant regulation being 20 NYCRR 527.3 (a) (4) (iii), which provides: "An annual fee for subscribing to a service is taxable if it entitles the subscriber to a certain number of free reports, or to reduced charges on reports, unless the subscriber is entitled only to oral reports."

The evidence at the hearing established that petitioner's only service to its members was providing credit reports. The essence of respondent's argument is that since petitioner provided only the credit-reporting service to its members, without the membership fee petitioner would logically be compelled to charge a higher fee per report to each member in order to sustain its operation. Thus, the practical effect of this circumstance was that petitioner's members were entitled "to reduced charges on reports" (20 NYCRR 527.3 [a] [4] [iii]), bringing petitioner within the ambit of the regulation and making such membership fees taxable.

In addressing the question before us of whether there was substantial evidence in the record to support respondent's determination that the membership fee was part of the members' cost of the credit reports, and was thus taxable, we must look through the form of the transaction to its substance (*Matter of Petrolane Northeast Gas Serv. v State Tax Comm.*, 79 AD2d 1043, 1044; *Matter of Chemical Bank v Tully*, 94 AD2d 1, 3).

Where the question is one of applying a statutory term in a proceeding where the agency must analyze the underlying business practices and evaluate factual data, the judicial role is limited to determining whether there is substantial evidence in the record to support the agency determination (*Matter of Petrolane Northeast Gas Serv. v State Tax Comm., supra*). In such a case, if the determination is not unreasonable or irrational, it must be upheld (*Matter of Howard v Wyman,* 28 NY2d 434, 438). Here, in order to properly characterize petitioner's membership fee, it was necessary for respondent to examine petitioner's business practices, particularly regarding petitioner's use of the fee and the members' benefits deriving therefrom. This is exactly the type of weighing process in which the courts regularly defer to the knowledge and expertise of respondent (cf. *Matter of Petrolane Northeast Gas Serv. v State Tax Comm., supra,* p 1044). Substantial evidence in the record supports respondent's determination and we cannot say that its view of the true nature of the membership fee was irrational or arbitrary.

As to telephone charges, the tax assessment was based completely upon section 1105 of the Tax Law, which imposes a tax on the sale of written information. The proper regulation in this case expressly includes as taxable "[a]ll expenses, including telephone and telegraph * * * regardless of their taxable status" (20 NYCRR 526.5 [e]).

Determination confirmed, and petition dismissed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.