■ In the Matter of U-NEED-A-ROLL OFF CORPORATION, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which held petitioner liable for deficiencies in payment of sales or use taxes imposed under Tax Law article 28.

Petitioner is a trash removal company which charges its customers various rates for supplying containers and compactors (referred to collectively as containers) for collection of their refuse. The containers are left with customers until petitioner is requested to unload or remove them. Petitioner utilizes trucks especially equipped to automatically unload these containers, but does not provide trash removal service without some type of container being supplied to the customer. Occasionally, petitioner rents out a container without providing trash removal services.

During the period in question, petitioner paid no sales tax on purchases of these containers, claiming that such were purchased for resale and consequently exempt from sales tax. After a field audit, such purchases were determined to be subject to sales tax and, therefore, a notice of sales tax deficiency was issued. After a hearing, respondent ruled that certain of the purchases were time barred but the remainder were found to be subject to the sales tax without exemption. Petitioner then commenced the instant proceeding, which was transferred to this court by Special Term.

Tax Law § 1105 (a) imposes a sales tax on "receipts from every retail sale of tangible personal property". However, where a purchaser acquires such property for the purpose of resale, which includes rental (Tax Law § 1101 [b]; see, Matter of Albany Calcium Light Co. v State Tax Commn., 44 NY2d 986, 987), the purchase is exempt from sales tax (Tax Law § 1101 [b] [4]).

Respondent construed the term "resale", in the circumstances of this case, as requiring a billing method whereby a separate charge for rental is specified either on the bill to the customer or in petitioner's fee structure. Insofar as this construction elevates form over substance, it is erroneous, for it is the substance of a transaction which controls rather than the form it takes (*see, Matter of Burger King v State Tax Commn.*, 51 NY2d 614, 623). Respondent should have examined the evidence with a view towards determining whether a rental arrangement existed in substance. The method of billing should not be the determinative factor (*supra; see also, Matter of Concrete Delivery Co. v State Tax Commn.*, 71 AD2d 330, 331-332, *lv denied* 49 NY2d 709). Respondent's determination, based upon an insufficient and improper standard, must be annulled and the matter remitted for further proceedings not inconsistent herewith (*Matter of Parkmed Assoc. v New York State Tax Commn.*, 60 NY2d 935, 936).

Determination annulled, with costs, and matter remitted to respondent for further proceedings not inconsistent herewith. Kane, J. P., Casey, Mikoll, Levine and Harvey, JJ., concur.