■ In the Matter of ALLIED MAINTENANCE CORPORATION, Petitioner, v NEW YORK STATE TAX COMMISSION et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent State Tax Commission which sustained a sales tax assessment imposed under Tax Law article 28.

Petitioner, a New York corporation, contracted to provide operation, maintenance, repair and inspection services at certain power plants. Tax Law § 1105 (c) (5) provides that the "sale" of services for maintaining and repairing real property is subject to sales tax. The statute provides an exclusion for: "interior cleaning and maintenance services performed on a regular contractual basis for a term of not less than thirty days, other than window cleaning, rodent and pest control and trash removal from buildings" (Tax Law § 1105 [c] [5]). Petitioner claims that, although a majority of its employees pursuant to the contracts at issue here provide taxable services, two categories of employees, namely "first operators" and "second

operators", do not perform taxable services. Respondent State Tax Commission disagreed and sustained the notices of deficiency. Petitioner commenced this CPLR article 78 proceeding challenging said determination, and the proceeding has been transferred to this court for disposition.

The crucial issue before the Tax Commission was whether the first and second operators performed merely cleaning and maintenance functions, along with simple repairs, or more complicated maintenance tasks requiring specialized skills and technical training. If the services were found to be within the latter category, they would be subject to sales tax *(see generally, Matter of Heist Corp. v State Tax Commn.,* 50 NY2d 438; *Matter of National Elevator Indus. v New York State Tax Commn.,* 49 NY2d 538). The applicable regulation provides: "Interior cleaning and maintenance services include ordinary janitorial services such as dusting, cleaning and waxing of the walls and floors of a building, oiling of door hinges, replacing light bulbs, and simple repairs such as replacement of washers" (20 NYCRR 527.7 [c] [3] [iv]). A significant amount of evidence was adduced at the hearing dealing with the duties and training of the job positions at issue. It was within the province of the Tax Commission to examine such evidence and determine whether the exclusion was applicable; this court's review is limited to the rationality of the Tax Commission's determination *(see, e.g., Matter of Heist Corp. v State Tax Commn.,* 66 AD2d 499, *mod on other grounds* 50 NY2d 438). Here, there was evidence that first and second operators received technical training and performed repairs that were not simple. Accordingly, the Tax Commission's determination that the services performed by these individuals were not excluded from sales tax was supported by substantial evidence in the record and must be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Weiss, Yesawich, Jr., and Harvey, JJ., concur.