In the Matter of COMMODORE HOTEL, INC., Petitioner, against LAWRENCE E. GEROSA, as Comptroller of the City of New York, Respondent.

First Department, December 4, 1956.

*Paul V. Wolfe* for petitioner.

*Morris L. Heath* of counsel (*Stanley Buchsbaum* and *Gale Zareko* with him on the brief; *Peter Campbell Brown, Corporation Counsel*), for respondent.

*Charles W. Merritt, Gerard A. Navagh* and *John K. Watson, Jr.,* of counsel (*Lord, Day & Lord,* attorneys), for Hotel Association of New York City, Inc., *amicus curiæ.*

*Per Curiam.* The Comptroller of the City of New York made a one-day check of petitioner's records underlying its sales tax returns and found a deficiency for the day of a negligible amount. This amount was then multiplied over a three-year period and assessed as a deficiency against petitioner.

Petitioner challenges the validity of a one-day check as a predicate for assessing the deficiency, and argues that it has fully discharged its duty as an unpaid tax collector by keeping records which are abundantly sufficient and calculated to produce as accurate a return as is humanly possible. The comptroller does not challenge the record keeping but contends that due care on the part of the taxpayer is not the test and that the liability to make an exactly accurate return is absolute. The comptroller also asserts that the one-day test was acquiesced in by petitioner.

We would agree with the comptroller that due care is not the standard of satisfaction of a taxpayer's responsibility. It is always open to the comptroller to establish an actual deficiency by satisfactory means. Adequate spot checks would serve as such means. The adequacy of a spot check would depend upon the nature of the records kept and the degree of the deficiency disclosed. A trivial deficiency discovered for one day would not serve as a criterion in the case of a taxpayer who has exercised the care demonstrated by the petitioner in this case, unless there were a stipulation that such a check was to be accepted as determinative.

We do not find in this case the kind of acquiescence in the one-day check as would amount to a stipulation to accept it. And the one-day check is not sufficient in this case to warrant the assessment which has been made against petitioner.

It may be that petitioner is subject to criticism for destruction of records during the five-year period between the assessment (1948) and the hearing (1953), but we do not find proof of a destruction of records within the three-year period for which the petitioner was required by law to preserve records which prevented respondent from making any further check or audit which he might wish to make, and we do not understand that respondent makes a point that there was any such prejudicial destruction of records during the three-year period. The absence of records upon which a check-back could be made at the time of the hearing does not warrant setting up an estoppel against petitioner and accepting an inadequate one-day audit as conclusive for a three-year period.

The determination of the comptroller should therefore be annulled.

Frank, J. (dissenting). This is an article 78 proceeding to review a final determination by the city comptroller assessing a New York City sales tax deficiency against the petitioner, for the period January 1, 1945 to December 31, 1947.

The petitioner, as the operator of the Hotel Commodore, collected sales taxes imposed upon various items which it sold and supplied to its guests and customers.

There is no dispute that the bookkeeping and record system adopted by the petitioner was sufficient and comparable to the standard generally employed in the hotel industry. The respondent admits that it knows no better method by which all errors could be avoided, and there is no contention that the petitioner deliberately undercharged or failed to collect the sales tax so involved.

In January, 1948, the city auditor began to examine the petitioner's records for the three tax years in dispute. His audit included detailed examination of all the restaurant and bar sales checks of the hotel (approximately 5,500 in number) for one day, to wit, November 28, 1947. It appears that the cash sales checks of November 28, 1947 were used because that was the earliest date for which all sales checks were available. Using the results of this thorough check of the records for one day, the auditor projected the errors thus discovered backward and forward for the three-year period, and concluded that the petitioner had failed to collect $1,403.04. It appears that the tax deficiency resulted from arithmetical mistakes made by hotel employees, which were not corrected by cashiers and bookkeepers.

The majority, in deciding to annul the imposition of the tax, based its determination upon the insufficiency or inadequacy of the audit, i.e., an audit of one day projected over a three-year period. The record discloses that at least two of the senior officials of the petitioner were made aware that the city auditor proposed to make a check of one day's receipts for the purpose of projecting it over the entire period, and that they made no objection to the proposal. The auditor testified that if there had been objection to the procedure at that time he would have made a similar examination for additional periods.

The original assessment was issued in June, 1948. Thereafter the petitioner filed objections and hearings were held. It then developed for the first time that the sales records for all the years in question had been destroyed by direction of the taxpayer's assistant treasurer. He could not fix the date when he issued those instructions, but it is significant that in

January, 1948, the sales checks for any entire day prior to November 28, 1947 were not available. This, despite the Comptroller's Sales Tax Rules and Regulations which in part require (art. 24): " Records of such vendors are to be open for inspection and examination at any time upon demand by the Comptroller or Treasurer, or their duly authorized agent or employee, *and must be preserved for a period of three years unless permission is obtained from the Comptroller to destroy them before the expiration of such period of time* ". (Emphasis supplied.) It cannot be disputed, therefore, that the taxpayer made it impossible for the comptroller to make a more extensive audit after its objection to the procedure adopted was made known.

It is settled law that the vendor does not become the agent of the city for the purpose of collecting the sales tax. No such relationship is created under the applicable statutes. The vendor is not only required to collect, but is also liable to the city for the proper amount of the tax. Its liability is not measured by the amount it actually collects, but the vendor must pay the tax even if its failure to collect from the vendee is due to no fault of its own. (*Matter of Atlas Television Co.,* 273 N. Y. 51, 57; *Matter of Kesbec, Inc.,* v. *Taylor,* 253 App. Div. 353; *Matter of Rockaway Paint Centre,* 249 App. Div. 66.)

I hold the view that the petitioner is not entitled to be relieved from its liability for the tax imposed after its acquiescence in the procedure adopted by the city, and because of its misconduct in destroying its records. If anything, the destruction of records is at least equivalent to the failure to keep records in the first instance. This court approved a tax based upon a test check where the taxpayer kept no records. (*Matter of Grant Co.* v. *Joseph,* 286 App. Div. 995.)

The determination of the comptroller should be confirmed.

PECK, P. J., BREITEL, Cox and BASTOW, JJ., concur in *Per Curiam* opinion; FRANK, J., dissents and votes to confirm, in opinion.

Petition granted and the determination of the respondent annulled, with $50 costs and disbursements to the petitioner.