DIREEN OPERATING CORP., Petitioner, *v.* STATE TAX COMMISSION, Respondent.

Third Department, December 12, 1974.

*Goldwater & Flynn* (*Leon Liner* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Thomas P. Zolezzi* and *Ruth Kessler Toch* of counsel), for respondent.

MAIN, J.   This is a proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by an order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the respondent State Tax Commission which found that the receipts from the services performed by the petitioner are not exempt from the sales and use tax within the meaning and intent of paragraph (5) of subdivision (c) of section 1105 of the Tax Law.

Petitioner, Direen Operating Corporation (hereinafter Direen) is a New York corporation wholly owned by the estate of Richard F. Dalton, as is Ardea Realty Corporation (hereinafter Ardea).   Ardea owns and operates 22 multiple dwellings in the Bronx, and Direen's entire business operation consists solely of providing interior cleaning and maintenance services for these buildings as an independent contractor.   In March of 1969, the respondent conducted an audit of Direen's sales tax returns for the period from August 1, 1965 to November 30, 1968 and determined that Direen owed sales and use taxes totaling $11,262.45, including penalty and interest.   Direen challenged this finding and, on April 7, 1969, was served with a notice of determination and demand for payment of sales and use taxes due in the amount of $11,262.45.   Upon its application for a revision of this determination, a hearing was held, after which the respondent sustained its initial finding.   Direen then instituted the present proceeding claiming, *inter alia,* that its receipts for services performed for Ardea are exempt from the sales and use tax.   We agree.

The relevant statute herein (Tax Law, § 1105, subd. [c], par. [5]) provides for a sales tax upon the receipts from every sale, except for resale, of the services of " maintaining, servicing or repairing real property ".   Specifically exempted from this levy, however, are: " interior cleaning and maintenance services performed on a regular contractual basis for a term of not less than thirty days, other than window cleaning, rodent and pest control and trash removal from buildings."

In the instant case, Direen's contract with Ardea was for a term greater than 30 days and obligated Direen to perform

only "interior cleaning and custodial maintenance services." Admittedly, in the performance of their duties, Direen's employees occasionally released a stuck window, replaced a washer in a leaky faucet and performed other tasks of a similar nature, but such things as window cleaning and any extensive repair work were done by outside contractors.

Under these circumstances, we find that Direen is clearly entitled to the benefits of the sales tax exemption. While conceding that exemption statutes are to be strictly construed against the taxpayer, we also recognize that they should not be so narrowly interpreted as to defeat the statutory purpose (*Engle* v. *Talarico*, 33 N Y 2d 237). Furthermore, legislative intent is primarily to be determined from the statutory language used in its natural and most obvious sense (McKinney's Cons. Laws of N. Y. Book 1, Statutes, § 94), and no part thereof is to be considered meaningless or superfluous unless that conclusion is inevitable (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 231; *New York State Bridge Auth.* v. *Moore*, 299 N. Y. 410). Accordingly, the term "maintenance" services, as used in this statute, plainly means something other than "cleaning" services. Ballentine's Law Dictionary (3d ed., 1969) refers to maintenance as "Making repairs and otherwise keeping premises or instrumentalities in good condition", and, in our opinion, the term at least encompasses the simple repair tasks performed by Direen's employees.

Our resolution of this issue makes consideration of petitioner's remaining contentions unnecessary.

The determination should be annulled, with costs, and the matter remitted for further proceedings not inconsistent herewith.

KANE, J. (dissenting). The exemption provided by paragraph (5) of subdivision (c) of section 1105 of the Tax Law is not available to petitioner. This exclusion is for "services rendered *by an individual* who is not in a regular trade or business offering his services to the public" (emphasis supplied). Petitioner cannot be considered an individual under any acceptable rules of construction. Nor can it claim exemption as an employee of Ardea even though it is a wholly owned subsidiary.

The logical conclusion to be drawn from this statutory provision and definitions contained in paragraph (a) of section 1101 is that the Legislature intended to limit the benefit of the exemption in this category to payments made for individual domestic assistance and not for services rendered by regular professionals.

As the majority correctly states, exemption statutes must be strictly construed against the taxpayer (*Matter of Allied Chem. Corp.* v. *Kowal,* 9 A D 2d 121, affd. 8 N Y 2d 730) and, as in this case, when an agency's construction of a statute and its regulations thereunto are reasonable, with a rational basis, they should be upheld (*Matter of Howard* v. *Wyman,* 28 N Y 2d 434).

HERLIHY, P. J., SWEENEY and REYNOLDS, JJ., concur with MAIN, J.; KANE, J., dissents and votes to confirm in an opinion.

Determination annulled, with costs, and matter remitted for further proceedings not inconsistent herewith.