■ In the Matter of PROSPECT DAIRY, INC., Petitioner, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents.— Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied a refund of sales tax paid by petitioner. The issue is whether a transfer of assets from a parent to a subsidiary corporation is exempt from the sales tax under section 1101 (subd [b], par [4], cl [ii]) of the Tax Law. Prospect Dairy (hereinafter Dairy) is a subsidiary corporation of Prospect Enterprises, Inc. (hereinafter Enterprises), and is engaged in the processing, distribution and sale of milk products. Enterprises contained a division known as the Handy Stop Food Shops Division (hereinafter Handy), which operates small retail food stores. The milk and dairy products sold by Handy were purchased from Dairy. For administrative convenience, a decision was made in 1972 to transfer Handy to Dairy, which was effectuated when Enterprises transferred all Handy's assets and liabilities to Dairy in consideration of 59,600 shares of class A common stock of Dairy, which were issued and transferred to Enterprises. Neither Enterprises' investment in Dairy and Handy nor the business operations of Dairy and Handy have been substantially altered by this transaction. A sales and use tax on this transfer of assets in the amount of $34,438.20 was paid by Dairy, and Dairy's application for a refund was denied. Initially, Dairy's contention that the subject transaction was not a sale is without merit, since a sale is any transfer or exchange of title for a consideration (Tax Law, § 1101, subd [b], par [5]), and the stock or securities of the purchasing corporation is clearly consideration. Dairy and Enterprises have chosen for their business objectives to maintain two separate corporate identities. There is no proper basis for ignoring those separate entities so as to hold that sales by one to the other do not constitute "sales"

within the meaning of the Tax Law merely because in this case it might benefit the corporations to do so. Dairy's primary contention is that the sale should not be taxable because it was similar in nature to transactions wich are statutorily exempted from taxation. Under section 1101 (subd [b], par [4], cl [ii], subpar [D]), the transfer of property to a corporation upon its organization in exchange for stock is nontaxable; similarly, under subparagraph (A) of said paragraph and subdivision, the transfer of property in exchange for stock pursuant to a corporate merger or consolidation is exempt. The essence of Dairy's position is that the sale here achieved the same result as could have been accomplished by incorporating Handy and then merging it into Dairy, wherefore it should be concluded that the Legislature did not intend to impose the tax on such a sale. The Tax Commission rejected this contention, and we concur. The corporations chose not to follow procedures which would have exempted the transaction from the sales tax, and the construction by the Tax Commission refusing to read into the statute an exemption not expressly stated is not unreasonable and must be upheld. (Cf. *Matter of Howard v Wyman,* 28 NY2d 434, 438.) Had those steps been followed, there would have been somewhat different consequences regarding stock transfers at the very least so as to distinguish such transactions from a sale. Presumably, additional stock transfer taxes would have become due (Tax Law, art 12). Thus, the distinction is one of substance and not merely of form. Dairy and its parent, however, chose to effectuate a direct sale, and the tax consequences thereof cannot be avoided. Dairy's contention that it has been denied equal protection of the law must be rejected for the simple reason that, as noted, petitioner could have avoided the sales tax by accomplishing its objective through different procedures. We have examined Dairy's other contentions and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.