■ In the Matter of DAVID MARKOWITZ, Doing Business as CLOVER LEAF RESTAURANT, Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which modified, and sustained as modified, a sales tax assessment against petitioner for the period September 1, 1968 through August 31, 1971. Respondent audited the diner-restaurant of the petitioner to determine the sales tax, if any, that was due and owing during the period in question. Ordinarily an audit of this type is done by examining guest checks given individual customers and the cash register tapes of the days and times in question. The guest checks were not available to the auditor. The auditor selected a cash register tape for one day, September 28, 1970, which contained columns for taxable sales, nontaxable sales, for sales tax on the taxable sales and for total sales. Some entries in the nontaxable column on the tape were for more than one dollar and all such items were assumed to be fully taxable by the auditor. These items accounted for 49.4% of the sales for that day, and, on the basis of a projection of that percentage over the entire three-year period under investigation, the petitioner was found to owe $1,462.98. After a hearing, the tax commission reduced the percentage of assumed taxable sales from 49.4% to 30% and lowered the amount found due from the petitioner for unpaid sales tax to $983.28. It is from that determination that this appeal ensues. Petitioner urges that many of the itemized checks over one dollar were not taxable because they included bills for a number of people sitting at a table, many of whose individual bills amounted to less than one dollar. He further urges that an arbitrary selection of one day's business cannot be projected over a lengthy period to determine total tax liability. At the time of the audit, restaurant food sales over one dollar were taxable, and since the petitioner's register tape showed items over a dollar upon which he did not collect the tax, the burden of proof is on the petitioner to show that these sales were not taxable (Tax Law, § 1132, subd [c]). In addition, the petitioner is required to keep a copy of each sales slip, invoice, receipt, statement or memorandum to be kept as a record of each individual sale (Tax Law, § 1135). We must conclude that it was petitioner's own failure to maintain proper records which brought about such a sparse spot check. Although it is probably true that cash register tapes of several days would give a better picture of the business of the petitioner and thus his tax liability, exactness is not required where the party's own failure to maintain the proper records prevents it (Matter of Grant Co. v Joseph, 2 NY2d 196). The record does not indicate how many cash register tapes were available to the auditor, but apparently no tapes were available to the tax commission at the time of the hearing. In view of the petitioner's own testimony at the hearing concerning his averaging-out method of paying sales tax, it is apparent that the tax commission gave some credence to the petitioner's testimony by the reduc-

tion of the percentage of 49.4% to 30% and thus a consequent reduction in the amount of tax due. Considering the testimony at the hearing, the tax commission's determination was rational and supported by substantial evidence and, therefore we must affirm *(Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Koreman, P. J., Sweeney and Larkin, JJ., concur; Kane and Mahoney, JJ., dissent and vote to annul in the following memorandum by Kane, J. Kane, J. (dissenting). *Matter of Grant Co. v Joseph* (2 NY2d 196) does stand for the general proposition that exactness in determining the amount of tax liability is not required when the taxpayer's failure to preserve adequate records prevents it, but the case also notes that the secondary means employed in ascertaining the proper amount will be sufficient only if "the method adopted is reasonably calculated to reflect the taxes due" (p 206). Resort to cash register tapes was here clearly warranted, owing to petitioner's failure to retain guest checks evidencing individual sales, and our only departure from the rationale of the majority decision involves the application of the particular auditing procedure used by respondent. Its auditor reported the existence of cash register tapes from September 28 to 30 of 1970 and his supervisor testified that "some tapes were available." Nevertheless, the tape of but a single day was analyzed. Unlike the situation in *Matter of Grant Co. (supra)* where the taxpayer selected the time and length of the test period, respondent here had additional information available and yet apparently chose to ignore it without offering the petitioner any alternative. True, the petitioner was more concerned with his substantive arguments than with the objectivity of the test, but that should not be regarded as equivalent to acquiescence in the type of scanty check actually performed in this audit (see *Matter of Commodore Hotel v Gerosa,* 2 AD2d 586). Respondent's disregard of other available cash register tapes faulted its method of computing petitioner's deficiency and, in our opinion, the use of a single tape under these circumstances was not reasonably designed to approximate his actual liability. The instant determination thus lacks a rational basis and the petition should be granted.