■ In the Matter of TER BUSH & POWELL, INC., Petitioner, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which denied petitioner's application for a partial refund of franchise taxes paid for the fiscal year ending June 30, 1972. Petitioner seeks review of the final determination of respondent denying a refund of franchise taxes under article 9-A of the Tax Law for petitioner's fiscal year ending June 30, 1972. Petitioner filed its franchise tax return for the fiscal year in question computing the tax pursuant to the statutory alternative requiring it to be determined on the basis of "the taxpayer's entire net income plus salaries and other compensation paid to the taxpayer's elected or appointed officers" (Tax Law, § 210, subd 1). Taxpayer originally included in its return compensation paid during the fiscal year in question to 18 listed officers. Taxpayer subsequently filed an amended return in which it sought to delete from officers' compensation that compensation paid to eight individuals having the title of vice-president or senior vice-president. Petitioner took the position that these individuals did not function as officers of the corporation, but were actually sales personnel without any executive authority who had been given "honorary" titles to assist them in their sales efforts. The refund claimed on the amended return was denied whereupon taxpayer filed petition for refund. A field audit was conducted and a deficiency for director fees was asserted for the fiscal year in question. (The validity of this deficiency is not disputed.) Subsequent to a hearing, respondent disallowed the claimed refund and determined that the compensation paid to all elected or appointed officers should be included in the computation of franchise tax pursuant to section 210. The determination of respondent should be confirmed. The statute in question is not ambiguous, and clearly provides for the inclusion of salary and compensation paid to "elected or appointed officers" without regard to the actual duties or functions of such individuals. Petitioner, in effect, seeks the business benefits of having the individuals in question elected by its board of directors as officers, but attempts to avoid the tax consequences thereof. We find no persuasive evidence that the statute in question should be read so as to include an implied exemption for compensation paid to individuals who hold the titles of executive positions but arguably do not fulfill the functions thereof. Taxpayer chose to elect certain individuals as officers, and it must be construed to have known that this would subject such individuals' compensation to inclusion in computation of the franchise tax. The argument that the result sought by petitioners could have been obtained by use of a different form is unacceptable (cf. *Matter of Prospect Dairy v Tully,* 53 AD2d 755). Furthermore, since the determination is not unreasonable or irrational, we should not disturb it *(Matter of Howard v Wyman,* 28 NY2d 434). Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.