In the Matter of 107 DELAWARE ASSOCIATES et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, February 2, 1984

### APPEARANCES OF COUNSEL

*Whiteman Osterman & Hanna* (*Michael Whiteman* and *Kevin M. Young* of counsel), for petitioners.

*Robert Abrams, Attorney-General* (*Peter G. Crary* and *William J. Kogan* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

Petitioner 107 Delaware Associates (hereinafter Delaware) is a partnership which owns the Statler Building in

the City of Buffalo. The building houses hotel facilities, apartments, offices, and commercial and retail space. The hotel, food, beverage and banquet facilities are operated by Stassett Corporation (hereinafter Stassett). The other previously mentioned facilities are operated by Delaware. Petitioners Robert Zuggar, William Hasset and Leo Townsell are the principals of Delaware and the sole shareholders of Stassett. The entire building was served by a single cleaning and maintenance staff (hereinafter staff). Because Delaware had no payroll, all of the staff members were carried on the payroll of Stassett. However, 55% of the entire staff expense was paid to Stassett by Delaware while Stassett absorbed the remaining 45% of the expenses. This division of costs reflected the total respective square-foot occupancy utilized by each of the organizations. Zuggar, who was the managing partner of Delaware and the president of Stassett, was duly authorized by both entities to hire, direct and discharge, if necessary, the members of the staff.

Subsequent to an audit by the Sales Tax Bureau of the Department of Taxation and Finance, Delaware was notified that it owed $47,006.04 in sales taxes and associated penalties for the period from March 1, 1973 through February 29, 1976, by reason of the sale of maintenance and cleaning services from Stassett to Delaware under section 1105 (subd [c], par [5]) of the Tax Law. Petitioners immediately sought review and some four years later were finally granted a hearing. Approximately two years after the hearing, the Tax Commission sustained the determination but modified only to the extent of canceling penalties and interest which were in excess of the minimum statutory rate. Section 1105 (subd [c], par [5]) of the Tax Law imposes a sales tax upon the receipts from the sale of services for "[m]aintaining, servicing or repairing real property", but excludes, insofar as relevant herein:

"services rendered by an individual who is not in a regular trade or business offering his services to the public, and excluding interior cleaning and maintenance services performed on a regular contractual basis for a term of not less than thirty days, other than window cleaning, rodent and pest control and trash removal from buildings.

"Wages, salaries and other compensation paid by an employer to an employee for performing as an employee the services described in paragraphs (1) through (5) of this subdivision (c) are not receipts subject to the taxes imposed under such subdivision."

In reaching its determination, the Tax Commission found that there was no employer-employee relationship between Delaware and the staff, that the services performed were not interior cleaning and maintenance services, and that the services were not rendered by an individual who is not in a regular trade or business offering his services to the public.

██ While in the past there has been some conflict or difference of opinion as to whether section 1105 (subd [c], par [5]) provided an exemption or an exclusion, it is now settled that the relief provided is an exclusion (see *Matter of Heist Corp. v State Tax Comm.,* 50 NY2d 438, 444). Thus, while the taxpayer must ordinarily bear the burden of overcoming a tax assessment (*Matter of Liberman v Gallman,* 41 NY2d 774, 777), where, as here, an exclusion rather than an exemption is involved, the statute must be strictly construed in favor of the taxpayer (*Matter of Grace v New York State Tax Comm.,* 37 NY2d 193). Moreover, where, again as here, the question is one of pure statutory reading and analysis dependent only upon accurate apprehension of legislative intent, there is little basis to rely upon any special competence of the administrative agency. Any interpretive regulations of the agency are, therefore, to be accorded much less weight, and if the regulations are at variance with the clear wording of the statute, they should not be accorded any weight (*Kurcsics v Merchants Mut. Ins. Co.,* 49 NY2d 451, 459). Reviewing the Tax Commission's determination with these and other principles in clear focus, we must conclude that it is both unreasonable and irrational.

██ The Tax Commission's conclusion that there was no employer-employee relationship between Delaware and the staff is bottomed upon the fact that the staff was on Stassett's payroll only. The relationship does not turn upon the payment of wages, but it bears mentioning that, in fact, Delaware contributed to those wages in a percentage di-

rectly related to work done by the staff for each of the entities. Relevant in resolving the issue is who controls the employee's manner of working and the details of the work (*Stone v Bigley Bros.,* 309 NY 132; *Irwin v Klein,* 271 NY 477). The uncontradicted testimony demonstrates that this control rested with Delaware's managing partner who had the unquestioned authority to employ, to terminate and to control the staff. Even employees who are employed and paid by one person may nonetheless be employees of another with respect to a particular transaction, even where the general employer is interested in the work (*Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405). On the record presented here, it cannot be said, in fact or in law, that there was no employer-employee relationship between Delaware and the staff and such a determination was arbitrary and capricious.

We reach a similar conclusion as to the Tax Commission's determination that the services performed by the staff were not interior cleaning and maintenance within the meaning of the statute. From the testimony of Delaware's managing partner, the only witness testifying who was acquainted with the services performed, we learn that only general maintenance services were provided. These services can be considered almost identical to those provided in *Direen Operating Corp. v State Tax Comm.* (46 AD2d 191), wherein this court held the services not subject to the sales tax. There, as here, any repairs other than those of a minor nature were contracted for with outside concerns. Maintenance, as used in this statute, plainly means something other than "cleaning" services. Ballentine's Law Dictionary (3d ed, 1969) refers to maintenance as "[m]aking repairs and otherwise keeping premises or instrumentalities in good condition" and, in our opinion, the term at least encompasses the simple repair tasks performed (see *Direen Operating Corp. v State Tax Comm., supra*). Moreover, the Tax Commission ruled, on the basis of that case, that " 'repair services of a limited and simple nature' are to be classified as within the category of 'maintenance services' and are thus exempt from the sales tax" (*Matter of National Elevator Ind. v New York State Tax Comm.,* 49 NY2d 538, 550). The Tax Commission's change of position in this case is unsupported and unwarranted.

Lastly, the Tax Commission contends that the services rendered by the staff personnel do not qualify as "services rendered by an individual who is not in a regular trade or business offering his services to the public". In interpreting the statute, the Tax Commission would drastically curtail the application of the statute and limit the exclusion to the services of individuals who do odd jobs in their spare time and who do not regularly perform such services either in their own business or as an employee (20 NYCRR 527.7 [c] [1]). The statute contains no such restrictive language and, because the interpretation is at variance with the statute, it should not be accorded any weight (*Kurcsics v Merchants Mut. Ins. Co., supra*). Moreover, as previously pointed out, and contrary to the Tax Commission's regulation (20 NYCRR 527.7 [c] [1]) and argument in its brief, we are dealing with an exclusion and not an exemption, so the statute must be strictly construed in favor of the taxpayer (*Matter of Grace v New York State Tax Comm., supra*).

Because the Tax Commission's determination is without basis in law or in fact and is arbitrary and capricious, it must be annulled.

The determination should be annulled, with costs, and the matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.

CASEY, J. (dissenting). In my view, there is substantial evidence in the record to support the Tax Commission's finding that petitioner was not entitled to the exclusion provided by section 1105 (subd [c], par [5]) of the Tax Law and, therefore, its determination should be confirmed. The individual partners of petitioner elected to conduct their business in the form of two separate entities, petitioner and Stassett Corporation, with a single maintenance and cleaning staff carried on Stassett's payroll. Petitioner paid Stassett a percentage of the expense of the staff based upon the portion of the building utilized by petitioner. Significantly, Stassett reported the funds received from petitioner as income on its State and Federal tax returns, and availed itself of the appropriate deductions. Having elected to conduct their businesses under this format, and having reaped the benefits thereof, the individual petitioners now seek to avoid any disadvantage arising out of the selected

format. There is nothing irrational about the Tax Commission's determination which has the effect of binding the taxpayers to the form of business chosen by them (see, e.g., *Matter of Ormsby Haulers v Tully,* 72 AD2d 845). The mere fact that petitioner Robert Zuggar is both the president of Stassett and the managing partner of petitioner, with the authority to hire, fire and supervise for both entities, does not compel the conclusion that Stassett's employees are also petitioner's employees.

Next, the Tax Commission could rationally conclude on this record that the services rendered by the staff were not those covered by the exclusion. Following this court's decision in *Direen Operating Corp. v State Tax Comm.* (46 AD2d 191), the Tax Commission adopted a policy of distinguishing between repair services of a limited and simple nature and those of a more substantial nature for the purposes of the exclusion (see 20 NYCRR 527.7 [c] [3] [iv]), which the courts have recognized as a rational distinction (*Matter of National Elevator Ind. v New York State Tax Comm.,* 49 NY2d 538, 550). Consistent with this policy, the Tax Commission found that the services herein, which involved carpentry, painting, plumbing and electrical work, were more substantial in nature than ordinary janitorial services or such elementary repair tasks as replacing a faucet washer. There is nothing irrational about the determination.

MAHONEY, P. J., WEISS and LEVINE, JJ., concur with MAIN, J.; CASEY, J., dissents and votes to confirm in a separate opinion.

Determination annulled, with costs, and matter remitted to the State Tax Commission for further proceedings not inconsistent herewith.