■ In the Matter of SUNNY VENDING COMPANY et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales tax assessment imposed upon petitioners pursuant to article 28 of the Tax Law. ¶ Petitioners are a sole proprietorship and a corporation of which the owner of the sole proprietorship is the only stockholder. Both entities were in the business of operating vending machines and small cafeterias in the Rochester area. On January 1, 1976, petitioners' books were adjusted to reflect a transfer to the corporation of all the assets of the sole proprietorship in exchange for an additional 100 shares of common stock issued to the sole proprietor. Petitioners challenge the Tax Commission's finding that a taxable bulk sale occurred on January 1, 1976. ¶ Petitioners claim that no "sale" (see Tax Law, § 1101, subd [b], par [5]) occurred since there was no transfer of title or possession of the assets and since there was no consideration. This claim is founded upon the common ownership of the corporation and the sole proprietorship by the same person, who is also the president of the corporation. Thus, it is argued that the beneficial use and control of the assets never changed in substance, and the individual received nothing of value since he owned 100% of the corporate stock both before and after the transfer. The corporation and the sole proprietorship, however, are separate and distinct entities, and the evidence shows that the books were adjusted to reflect a transfer of the assets from the proprietorship to the corporation and that the corporation now operates the business formerly conducted by the proprietorship, which has ceased to function. Under such circumstances, we see nothing irrational in the Tax Commission's finding that a transfer of title and/or possession of the assets had occurred.[*] Although the owner's interest in the corporation did not change as a result of the stock

---

[*] Petitioners claim that the Tax Commission expressly found no transfer of title, but actually the Tax Commission only found no transfer of title documents.

transfer, the Tax Commission could rationally conclude that the issuance of 100 shares of additional stock was sufficient consideration to give rise to a sale within the meaning of the Tax Law (see *Matter of Prospect Dairy v Tully,* 53 AD2d 755). The Tax Commission's construction of the term "sale" is consistent with this court's recognition that the broad and inclusive language of the taxing statute " 'clearly expresses an intent to encompass most transactions involving the transfer or use of commodities in the business world' " (*Matter of Chemical Bank v Tully,* 94 AD2d 1, 3, quoting *Matter of Albany Calcium Light Co. v State Tax Comm.,* 55 AD2d 502, 504, revd on other grounds 44 NY2d 986). ¶ Petitioners also claim that the transfer is excluded from taxation pursuant to section 1101 (subd [b], par [4], cl [iii]) of the Tax Law. However, since the transfer at issue does not fall within those transactions expressly enumerated in the Tax Law as exempt, there is nothing irrational about the Tax Commission's refusal to construe the statute as implicitly excluding the transfer (see *Matter of Prospect Dairy v Tully, supra;* see, also, *Matter of Ter Bush & Powell v State Tax Comm.,* 58 AD2d 691, mot for lv to app den 43 NY2d 644). Petitioners' contention that the substance of the transfer, not the form, must be considered in determining the applicability of the exclusions is rejected (see *Matter of Ormsby Haulers v Tully,* 72 AD2d 845; *Matter of Sverdlow v Bates,* 283 App Div 487, 491). ¶ Next, petitioners challenge the Tax Commission's finding that the purchase of soda and coffee machines was not exempt from sales tax as equipment for use in the production of tangible personal property (see Tax Law, § 1115, subd [a], par [12]). The Tax Commission's construction of the phrase "tangible personal property" as not including restaurant food due to the existence of a service component has been sustained (*Matter of Burger King v State Tax Comm.,* 51 NY2d 614), and we perceive no irrationality in the Tax Commission's determination to equate food sold from the vending machines at issue here with restaurant food (cf. *Servomation Corp. v State Tax Comm.,* 51 NY2d 608, 611). ¶ Finally, petitioners contend that the Tax Commission erred in determining that all of petitioners' cafeteria sales were taxable. Petitioners claimed that 30% of their cafeteria sales were exempt since the products fell within the statutory exemption for food or drink sold for off-premises consumption (Tax Law, § 1105, subd [d], par [i], cl [3]). Petitioners concede, however, that the 30% figure is merely an estimate. There is no direct proof in the record establishing the amount of exempt sales. Pursuant to subdivision (c) of section 1132 of the Tax Law, all of petitioners' cafeteria sales were presumptively subject to tax and the burden of proving that the sales were not taxable rested with petitioners. It was not irrational for the Tax Commission to apply the presumption and find that all sales were taxable in the absence of any proof from petitioners establishing the amount of exempt sales (*Matter of Korba v New York State Tax Comm.,* 84 AD2d 655, 656-657, mot for lv to app den 56 NY2d 502; *Matter of Meyer v State Tax Comm.,* 61 AD2d 223, 228, mot for lv to app den 44 NY2d 645). ¶ Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.