In the Matter of GRECO BROTHERS AMUSEMENT COMPANY, INC., Respondent, v RODERICK G. W. CHU et al., Constituting the State Tax Commission of the Department of Taxation and Finance of the State of New York, Appellants.

Third Department, January 2, 1986

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Francis V. Dow* and *Peter J. Dooley* of counsel), for appellants.

*Maynard, O'Connor & Smith (Michael E. Catalinotto* of counsel), for respondent.

**OPINION OF THE COURT**

WEISS, J.

Petitioner's business includes the sale and distribution of food and cigarette vending machines and coin-operated amusement devices, and, in addition, the operation of its own vending route consisting of approximately 60 to 70 of the same types of machines at various locations. The vending machines utilized on this route were from time to time replaced with new machines taken from petitioner's inventory. When petitioner effected such a replacement, it paid a compensating use tax (Tax Law § 1110) computed on the difference in value between the new machine and the used machine being replaced. In other words, it deducted a value assigned to the used machine from the taxable price of the new machine as a "trade-in" value. Upon completing an audit, the Audit Division of the Department of Taxation and Finance assessed an additional compensating use tax liability for the three-year period between September 1978 and August 1981 based on the full value of the new replacement machines. After a hearing,

the State Tax Commission determined that petitioner was not entitled to credit the trade-in value of the used machines and that it could not rule upon the constitutional claims asserted; it therefore upheld the assessment of additional compensating use tax. Petitioner commenced the instant CPLR article 78 proceeding seeking to annul the Tax Commission's determination. Special Term granted the petition, finding the Tax Commission's interpretation contrary to the intent of the Tax Law. The Tax Commission has appealed.

■ Tax Law § 1110, in relevant part, states: "there is hereby imposed on every person a use tax for the use within this state * * * except as otherwise exempted under this article, (A) of any tangible personal property purchased at retail * * * and (D) of any tangible personal property, however acquired, where not acquired for purposes of resale * * * For purposes of clause (A) * * * the tax shall be at the rate of four percent of the consideration given or contracted to be given for such property, or for the use of such property, *but excluding any credit for tangible personal property accepted in part payment and intended for resale"* (emphasis supplied).* Special Term held petitioner's practice to be equivalent to a trade-in of the used machines, the value of which should be deducted from the price of the new replacement machines, and that any ambiguity in the taxing statute as to the nature of the transaction should be resolved in favor of the taxpayer. We disagree. While we recognize that any ambiguity in a statutory exclusion from taxation must be construed against the government *(see, Matter of Grace v New York State Tax Commn.,* 37 NY2d 193, 196; *Matter of 107 Delaware Assoc. v New York State Tax Commn.,* 99 AD2d 29, *revd on other grounds on dissenting opn below* 64 NY2d 935), we find the transactions at issue fully taxable under Tax Law § 1110. The underscored words of the statute are clearly designed to exclude the value of trade-ins taken as partial compensation during a sale. Without expressly so stating, the statute envisions a sale between two parties where property is accepted in part payment. Here, only one entity is involved. Petitioner simply replaced its own used machines with new machines taken from its own inventory. No transfer of title to the machines was made; nor was there the exchange of any money or other consideration, or any type of payment from

---

* The section was amended by the Laws of 1983 (ch 986), but the amendment is not relevant to this case.

any person or entity to another. As such, there were no transactions within the scope of the exclusion.

Petitioner strenuously argues that it could have conducted its business in another manner which would satisfy the statute and qualify the used machines for the exclusion, i.e., by forming a separate business entity to operate its vending machine route business. This indeed could have been done but was not. In determining the applicability of an exclusion, it is the form of the transaction, not the substance, which controls *(see, Matter of Sunny Vending Co. v State Tax Commn.,* 101 AD2d 666, 667; *Matter of Ormsby Haulers v Tully,* 72 AD2d 845; *Matter of Sverdlow v Bates,* 283 App Div 487, 491). There is nothing irrational about the Tax Commission's determination, which effectively binds the taxpayer to the form of business chosen by it *(Matter of 107 Delaware Assoc. v New York State Tax Commn.,* 99 AD2d 29, 33-34 [Casey, J., dissenting], *supra).*

Petitioner further maintains that the failure to afford it the same tax treatment as afforded automobile dealers who utilize their vehicles for occasional business or personal use results in a denial of equal protection. These dealers are liable for a use tax only on the depreciation in value of vehicles used prior to sale. In addition, petitioner contends that it is being unconstitutionally treated differently from identical businesses which operate as two separate entities to reduce tax liabilities. Both contentions are without merit. Legislatures possess the greatest freedom in matters of taxation, and the resolution of equal protection claims is not achieved by demonstrating that a particular tax statute or regulation results in even flagrant unevenness *(Matter of Long Is. Light. Co. v State Tax Commn.,* 45 NY2d 529, 535). The proper standard of review is a rational basis test, under which a statute will be upheld absent a showing that the different treatment of different persons is so unrelated to the achievement of a legitimate purpose that it becomes readily apparent that the Legislature's actions were irrational *(Vance v Bradley,* 440 US 93, 97). The difference between an automobile dealer's occasional use of vehicles prior to sale and petitioner's practice of continuous use of a vending machine in a vending route is clear, and the distinction in tax treatment is neither arbitrary nor invidious.

Similarly, petitioner's election to operate two separate aspects of its business as one entity rather than through two different entities does not result in the denial of equal protection. The choice was that of petitioners which could have

avoided the sales and use tax by operating as two separate businesses *(see, Matter of Prospect Dairy v Tully,* 53 AD2d 755, 756).

■ Finally, Special Term correctly rejected petitioner's contention that the Tax Commission's determination should be nullified for failure to comply with the time requirements set forth in 20 NYCRR 601.8 and Tax Law § 171. While Tax Law § 171 requires a determination within nine months after submission of briefs, the section also provides that the remedy is to compel issuance of a determination through an application pursuant to CPLR article 78 for an order compelling issuance. Nor does the failure to comply with the 90-day time limit in 20 NYCRR 601.8 require nullification *(Matter of Greco v New York State Tax Commn.,* 99 AD2d 870, 871; *see also, Matter of Sullivan v Siebert,* 70 AD2d 975).

MAIN, J. P., CASEY, YESAWICH, JR., and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, determination confirmed, and petition dismissed.