■ In the Matter of ON THE ROX LIQUORS, LTD., Petitioner, v

STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondent.—Yesawich, Jr., J.

A Department of Taxation and Finance audit of petitioner, a retail wine and liquor store operator, for the period commencing September 1, 1977 through August 31, 1980, found petitioner's books and records, though otherwise generally adequate, insufficient in that there was no way the auditors could verify the substantial volume of sales reported to have been made to exempt organizations; petitioner professed to have made 26% of its gross sales of $1,384,691 to such organizations. It was petitioner's practice, when a purchase was purportedly made on behalf of an organization whose tax exemption certificate petitioner had on file, to simply record the dollar amount of the purchase as a nontaxable transaction on daily sheets located near the cash register. Monthly, the information contained on these sheets would be totaled, the amount would then be posted on petitioner's books, and the daily sheets destroyed. Unable to identify to whom and in what amounts those sales were made, the auditors disallowed them in their entirety. A notice of determination and demand for additional taxes in the amount of $24,704.94 plus interest was thereafter issued and challenged by petitioner. The matter proceeded to a small claims hearing, following which respondent, after modifying the assessment to reflect petitioner's efforts undertaken subsequent to the hearing to secure substantiation of their purchases from several exempt organizations, sustained a tax deficiency in the amount of $22,230.26 with interest thereon.

In this CPLR article 78 proceeding, transferred to this court by Special Term, petitioner charges that respondent erroneously and impermissibly construed the applicable statutory provisions (Tax Law § 1132 [c]; 20 NYCRR 533.2 [b] [4]), and, alternatively, that respondent is estopped from imposing liability owing to its failure to challenge petitioner's record-keeping method during a prior audit conducted in 1976. We confirm.

Tax Law § 1132 (c) presumes all of petitioner's sales are subject to tax until the contrary is established, and the burden of proving otherwise is upon petitioner *(Matter of Sunny Vending Co. v State Tax Commn.,* 101 AD2d 666). To demonstrate the sales at issue are nontaxable, petitioner must not

only show that the purchaser is an exempt organization, but also proffer adequate documentation confirming the existence and accuracy of the allegedly exempt sale. Although petitioner maintains a file of facially valid exempt organization certificates, as respondent tellingly observed in its decision, petitioner's "recordkeeping left no means whereby sales reported as exempt could be tied to or compared with those exemption certificates * * * Without any means of identifying individual exempt sales, there was no way to determine, on audit, if all such sales were made to exempt organizations or to individuals properly buying on behalf of exempt organizations."

As for petitioner's argument, that mere retention by it of an exempt organization certificate file fulfills its record-keeping requirement and hence its burden of proof, despite the fact that its records do not reflect what specific sales were in fact made to these exempt organizations, to state the proposition is to refute it. Carried to its logical conclusion, this course of reasoning justifies the patently unacceptable consequence that vendors can claim any amount of exempt sales, without providing any documentation whatsoever to verify those sales.

Petitioner's contention that the record-keeping requirement of 20 NYCRR 533.2 (b) (4), with an effective date of January 25, 1983, was retroactively and thus improperly applied to it is untenable; there is simply no indication in the record that this regulation was relied upon in any way. Furthermore, had respondent indeed invoked the regulation, petitioner's deficiency, as initially assessed, need not have been reduced by the amount of exempt sales petitioner ultimately succeeded in documenting, for the substantiating documentation supplied was different in nature from that mandated by 20 NYCRR 533.2 (b) (4).

The suggestion that since petitioner's record-keeping methods were not called into question during an earlier audit they were thus impliedly approved and therefore respondent is now estopped from doing so, is an equally indefensible thought, one confronted and rejected in *Matter of Finserv Computer Corp. v Tully* (94 AD2d 197, *affd* 61 NY2d 947), where it was noted that an "administrative body may correct its oversight or erroneous interpretation of the law" *(supra,* at p 200; *accord, Matter of American Tel. & Tel. Co. v State Tax Commn.,* 61 NY2d 393, 404). We have considered the other points advanced by petitioner and find them also wanting.

Determination confirmed, and petition dismissed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.