■ In the Matter of ACE PROVISION & LUNCHEONETTE SUPPLY, INC., et al., Petitioners, v RODERICK G. W. CHU, as Commissioner of Taxation and Finance of the State of New York, et al., Respondents.—Mahoney, P. J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent State Tax Commission which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner Ace Provision & Luncheonette Supply, Inc. (hereinafter Ace) was a restaurant supply company whose business consisted of selling meats, cheeses and canned goods to small restaurants and paper products for use in restaurant take-out services. Petitioners Max Banner and Irving Fluxgold were, respectively, secretary and president of Ace. In 1982 the business was sold, and the Audit Division of the Department of Taxation and Finance conducted a sales audit of Ace for the period June 1, 1979 to May 31, 1982.

Because many sales invoices and resale certificates were missing, the auditor conducted a three-day test period audit, testing sales invoices for which no resale certificates were available to determine the percentage of taxable items sold

and the amount of additional sales tax due. In addition, the auditor compared sales per sales journal to sales per sales audit and found that the former was higher by $10,000. By comparing the $10,000 with the total sales per sales journal, the auditor computed a cash sales percentage of about 25%, and this percentage was applied to the total audit period sales to compute total cash sales. Next, the auditor examined Ace's sales invoices for delivered sales and concluded that sales of taxable items, including those supported by resale certificates, constituted about 14% of Ace's total invoiced sales. This percentage was applied to the total cash sales figures to calculate the amount of additional taxable cash sales. The Audit Division taxed only half of Ace's cash sales of taxable items because it concluded that, due to the nature of Ace's business, half of such sales had been for resale.

As a result of the field audit and after petitioner provided additional sales invoices and resale certificates which resulted in rescission of the assessment of additional taxes on delivered sales, the Audit Division issued a notice of determination and a demand of additional sales tax in the amount of $8,162.75, plus interest and penalties. Following a redetermination hearing, respondent State Tax Commission sustained the assessment of additional sales tax on Ace's over-the-counter cash sales, holding that petitioners had failed to sustain their burden of proving that sales at issue were for resale within the meaning of Tax Law § 1101 (b) (4) (i) (A) and, therefore, exempt. This CPLR article 78 proceeding ensued and was transferred to this court.

Initially, we reject petitioners' contention that its records were more than adequate and that the test period to determine liability pursuant to Tax Law § 1138 (a) (1) was irrational. The record shows that while the auditor was able to obtain most of the relevant records for delivered sales, he was unable to find any records for cash sales, for which no sales invoices or resale certificates were provided. Next, from the books and records regarding cash sales available, including purchase journals and billings, the auditor was only able to compute an estimate of cash sales, since it would be based on the assumption that Ace sold everything it bought for the audit period. Thus, petitioner failed to demonstrate that the method of estimating used by the Audit Division was inferior. It is invalid to assume all taxable merchandise petitioner purchased was resold in the audit period (see, Matter of Snyder v State Tax Commn., 114 AD2d 567).

Those required to collect taxes are also mandated to keep

records of every sale and the tax payable (Tax Law § 1135). If necessary, the tax may be estimated on the basis of external indices (Tax Law § 1138 [a] [1]). An estimate based on external factors is permissible when a rational determination is made that a failure to maintain proper records prevents exactness *(Matter of Licata v Chu,* 64 NY2d 873; *Matter of Markowitz v State Tax Commn.,* 54 AD2d 1023, *affd* 44 NY2d 684) and makes it "virtually impossible" to verify taxable sales and to perform a complete audit *(Matter of Chartair v State Tax Commn.,* 65 AD2d 44, 46). Otherwise, it is arbitrary and capricious not to do a complete audit *(supra; see also, Matter of Continental Arms Corp. v State Tax Commn.,* 130 AD2d 929). We conclude that it was rational to find that Ace's records for cash sales were inadequate and that a test period was necessary to establish liability pursuant to Tax Law § 1138 (a) (1).

While an honest and conscientious taxpayer who maintains required records has a right to expect that they will be used in a complete audit *(Matter of Chartair v State Tax Commn., supra,* at 47), if persons required to collect taxes neglect to keep the requisite records, the method devised to ascertain taxes due is sufficient if it is "reasonably calculated" to reflect the taxes due *(Matter of Grant Co. v Joseph,* 2 NY2d 196, 206). Here, petitioners claim that the test period methods the Audit Division used were unreasonable. We disagree.

At issue on this point is the six-day test period used to compute total over-the-counter cash sales for the entire audit period. The Audit Division computed the percentage of total sales attributable to cash sales by comparing the test period cash sales figure to the total sales figure for that period and applied this percentage to sales for the three-year period under scrutiny. Then, to determine what percentage of the cash sales items were taxable, the Audit Division applied the percentage of delivered sales items that were taxable, 14%, and assumed that half of such items were sold for resale.

In our view, petitioners failed to establish that this methodology was erroneous. Petitioners submitted no evidence that the percentage of taxable cash sales differs from the 14% computed for delivered sales *(see, Matter of Guiragossian v Chu,* 130 AD2d 901). In our view it was reasonable for the Audit Division, in the absence of sales invoices and resale certificates, to determine cash sales for three years based on a comparison of cash sales and total sales for six days and to determine taxable cash sales based on the percentage of

taxable delivered sales *(see, Matter of Markowitz v State Tax Commn.,* 54 AD2d 1023, *supra).*

Petitioners likewise failed to support the claim that all cash sales of taxable items were for resale and thus tax exempt. There is a statutory presumption of taxability in the absence of resale certificates *(see,* Tax Law § 1132 [c]; *Matter of Savemart, Inc. v State Tax Commn.,* 105 AD2d 1001, *appeal dismissed* 64 NY2d 1039). In fact, petitioners were fortunate that they were in possession of some resale certificates and that the Audit Division exempted half of taxable cash sales on that ground. In the absence of resale certificates, the Audit Division could have deemed all sales to be not for resale and thus taxable, instead of only taxing half of them *(see,* Tax Law § 1132 [c]; *see also, Matter of On The Rox Liqs. v State Tax Commn.,* 124 AD2d 402).

Petitioners are, however, entitled to a refund of $3,081.25, representing the tax assessed for Ace's sale of a customer list as part of a bulk sale transaction. In their brief, respondents concede that the transaction was nontaxable under Tax Law § 1105 (c) *(see, Matter of Audell Petroleum Corp. v New York State Tax Commn.,* 69 NY2d 818) and waived the tax assessed on it.

Determination modified, without costs, by annulling so much thereof as denied petitioners' request for a refund of the $3,081.25 tax assessed on the customer sale list; petition granted to that extent; and, as so modified, confirmed. Mahoney, P. J., Main, Casey, Weiss and Levine, JJ., concur.