■ In the Matter of ACADEMY BEER DISTRIBUTORS, INC., et al., Petitioners, v COMMISSIONER OF THE NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE et al., Respondents. [609 NYS2d 108] —White, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner Academy Beer Distributors, Inc. (hereinafter Academy)* is a wholesale and retail distributor of beer and soda. An audit conducted by the Department of Taxation and Finance of Academy's sales tax returns for the period March 1, 1981 through May 31, 1984 revealed that Academy had reported $2,565,250 in sales which it claimed were exempt from sales tax under the purchase for resale exclusion (see, Tax Law § 1101 [b] [4] [i] [A]). In response to the Department's request, Academy produced invoices showing that $1,180,229.24 of these sales came within the exclusion but was unable to substantiate its claim that the remaining $1,385,021

---

* This Court dismissed this proceeding as to Academy due to its failure to comply with Tax Law § 1138 (a) (4).

in sales were nontaxable. Accordingly, the Department, applying the presumption of taxability, determined that the $1,385,021 in undocumented sales were subject to sales tax *(see,* Tax Law § 1132 [c]). After respondent Tax Appeals Tribunal sustained this determination, petitioners commenced this proceeding.

Because Academy was unable to produce any documentary evidence substantiating its claim that the subject sales were nontaxable, the Department was unable to determine if any or all of them were sales for resale *(see, Matter of On the Rox Liqs. v State Tax Commn.,* 124 AD2d 402, 404, *lv denied* 69 NY2d 603). Therefore, it was not irrational for the Department to apply the presumption of taxability and find that all of the $1,385,021 in sales were taxable *(see, Matter of Ace Provision & Luncheonette Supply v Chu,* 135 AD2d 1070; *Matter of Sunny Vending Co. v State Tax Commn.,* 101 AD2d 666). We further note that, contrary to petitioners' assertion, Tax Law § 1138 (a) (1) is inapplicable to this matter because the Department accepted Academy's reported figures for gross sales *(compare, Matter of Estate of Manno v State of New York Tax Commn.,* 147 AD2d 805, *lv denied* 74 NY2d 610, *appeal dismissed* 75 NY2d 864, *cert denied* 498 US 813). Thus, the determination is confirmed and the petition dismissed.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

