■ In the Matter of HYGRADE CASKET CORPORATION, Petitioner, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [622 NYS2d 140] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner was a wholly owned subsidiary of Service Corporation International (hereinafter SCI). SCI provides a variety of funeral products and services. SCI operated 35 wholly owned funeral homes in the New York City area which it services. Petitioner purchased, stored and delivered caskets for SCI's New York funeral homes, relieving the homes of that responsibility. It served no other function and served no other funeral homes. When petitioner delivered a casket, SCI made a computerized bookkeeping entry charging the funeral home petitioner's purchase cost and the applicable sales tax,[1] and credited petitioner's account. The prices petitioner paid were competitive on an industry-wide basis with the per casket prices for inventory sold directly by manufacturers to nonrelated funeral homes. SCI funeral homes now purchase directly at prices similar to those paid petitioner.

Petitioner's operating expenses were not included within SCI's casket transfer bookkeeping entries. However, these expenses were allocated to the SCI funeral homes' accounts in a year-end transaction at which time petitioner's accounts at SCI were closed out to zero. The allocation percentages were made upon business projections which had been made at the beginning of the year. It is these year-end allocations which

1. Tax Law § 1115 (a) (7) exempts from sales tax transactions involving caskets sold *by* a mortician, undertaker or funeral director; however, the statute makes the sale *to* such mortician, undertaker or funeral director taxable.

are at issue in this proceeding for the audit period of March 1, 1987 to August 31, 1990. The auditor determined that the year-end allocations constituted additional consideration for the caskets sold, and additional sales taxes totaling $76,201.75 were assessed together with interest and penalties. Petitioner challenged the assessment before an Administrative Law Judge and thereafter before respondent Tax Appeals Tribunal, but the assessment was sustained. This CPLR article 78 proceeding was commenced pursuant to Tax Law § 2016 to challenge the Tribunal's determination.

Petitioner contends that the year-end transaction did not represent additional consideration or value for the caskets and that the Tribunal's assumption that the allocations represented consideration lacks support in the record. Petitioner complains that the auditor failed to inquire as to the number of caskets sold, as to the fair market value of the caskets and whether the funeral homes were required to pay the allocated operating expenses. Petitioner argues that it established that the audit was conducted in a fundamentally erroneous manner and that it established without contradiction that the year-end allocations were not consideration for the caskets.

We disagree. The record establishes that SCI funeral home generated income was subsidizing petitioner's operating expenses, no matter how SCI characterizes its internal bookkeeping entries[2] (see, Matter of 107 Delaware Assocs. v New York State Tax Commn., 99 AD2d 29, revd on dissenting opn below 64 NY2d 935). "Monetary consideration includes assumption of liabilities, fees * * * or any other charge that a purchaser * * * is required to pay" (20 NYCRR 526.7 [b]). Clearly the record supports the conclusion that the operating subsidy as reflected by the year-end allocation was additional consideration received for the caskets. "The sale of property by one related corporation to another related corporation is a retail sale, and taxable to the extent of the consideration paid, or the fair market value, if the consideration paid is not an adequate indication of the true value of the property transferred" (20 NYCRR 526.6 [d] [8] [i]). Petitioner has failed to establish by clear and convincing evidence that the subsidy was not additional consideration for the caskets (see, Matter of Gun Hill Plumbing Supply Co. v Chu, 145 AD2d 769, 770) or

---

2. Petitioner's present assertion that it was never reimbursed for its operating expenses has no support in the record. The record reveals that petitioner's books received a credit and the funeral homes' books reflected a debit.

that the total consideration paid was not an adequate indication of the true value of the property transferred.

Similarly, we find no fundamental flaw in the audit. Because the bookkeeping records appeared to relate to the consideration paid for the caskets, SCI was obliged to make them available for inspection and examination upon demand (see, Tax Law § 1135 [e]; Matter of Continental Arms Corp. v State Tax Commn., 72 NY2d 976). However, the records were withdrawn from the auditor's inspection and further access refused. At this point, the auditor was not obliged to terminate the audit. It was permissible for the auditor to continue without the records on the information available to him (see, Tax Law § 1138 [a] [1]) by adopting an audit method reasonably calculated to determine the amount of tax due (see, Matter of Del's Mini Deli v Commissioner of Taxation & Fin., 205 AD2d 989; Matter of Scholastic Specialty Corp. v Tax Appeals Tribunal, 198 AD2d 684, 686, lv denied 83 NY2d 751). Given the intercorporate nature of petitioner's sales and apparent failure as an independently run entity to mark up the wholesale prices charged to SCI funeral homes to cover its operating expenses, the auditor reasonably chose to base the assessment on the additional consideration paid (see, 20 NYCRR 526.6 [d] [8] [i]) for the caskets as reflected by the year-end allocation of petitioner's operating expenses. Therefore, contrary to petitioner's contention, it was not necessary for the auditor to inquire as to the number of caskets transferred or their fair market value, since that information was irrelevant to the assessment method.

We find that petitioner failed to demonstrate by clear and convincing evidence that the audit method employed was unreasonable and the assessment erroneous (see, Matter of Shukry v Tax Appeals Tribunal, 184 AD2d 874, 876). We have considered petitioner's remaining contentions and find them to be without merit.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.