■ PYRAMID COMPANY OF AUBURN, Appellant, v RODERICK G. W. CHU, as Commissioner of Taxation and Finance of State of New York, as President of the State Tax Commission and as Head of the New York Department of Taxation and Finance, et al., Respondents.—Order unanimously reversed on the law without costs, complaint reinstated and judgment granted, in accordance with the following Memorandum: In this declaratory judgment action, plaintiff alleges that the distinction implicit in Tax Law § 1115 (a) (17) unconstitutionally violates the equal protection of the law. Supreme Court granted defendant summary judgment dismissing the action on the ground of failure to exhaust administrative remedies. We agree with plaintiff's contention that it was error to dismiss the complaint because his challenge raises only the issue of the statute's constitutionality *(see, Horner v State of New York,* 107 AD2d 64, 65; *National Merchandising Corp. v New York State Dept. of Taxation & Fin.,* 63 AD2d 785, 786; *see also, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57). Because plaintiff's constitutional challenge may be resolved on the record before us, we address that issue *(see,* CPLR 5522) and declare that Tax Law § 1115 (a) (17) is constitutional.

Taxation statutes carry a heavy presumption of constitutionality, and they should be upheld so long as they bear a rational relationship to any legitimate State purpose *(see, Trump v Chu,* 65 NY2d 20, 25, *appeal dismissed* 474 US 915; *Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven,* 154 AD2d 188, 193-194; *Savings Bank v New York State Tax Commn.,* 107 AD2d 205, 207, *affd* 66 NY2d 769). The challenger on equal protection grounds bears the heavy burden of showing, " 'by the most explicit demonstration' ", that the purported distinction is not related to any conceivable legitimate State purpose *(Trump v Chu, supra,* at 25, quoting *Madden v Kentucky,* 309 US 83, 88; *Matter of Long Is. Light. Co. v Assessor of Town of Brookhaven, supra,* at 194; *Matter of Greco Bros. Amusement Co. v Chu,* 113 AD2d 622, 625; *Savings Bank v New York State Tax Commn., supra,* at 207). Plaintiff has not met that burden.

Tax Law § 1115 (a) (17) is rationally related to the legitimate State purpose of ensuring that the sales tax is efficiently collected without imposing double taxation. Personal property purchased by contractors for use in the improvement of real

property is subject to the sales tax (see, Tax Law § 1101 [b] [4]; § 1105). Thus, whether the contractor installs the personal property on the real property or sells it to the real property owner for installation, the sales tax has already been paid. If the contractor installs the personal property, Tax Law § 1115 (a) (17) exempts him from collecting the sales tax from the real property owner as would otherwise be required (Tax Law § 1101 [b] [4]; § 1105). The non-installing contractor who sells to the owner must collect the sales tax, thus creating the illusion of double taxation. However, that contractor can seek a rebate of the tax he paid (see, Tax Law § 1119 [c]; 20 NYCRR 534.5 [b]), thereby ensuring only a single taxation. Tax Law § 1115 (a) (17) thus eases the burden on the installing contractor by not requiring him, at the point of sale to the owner, to sell his services separate from the personal property to be installed as he would otherwise be required to do in order to apply for a rebate. The distinction, therefore, implicit in Tax Law § 1115 (a) (17) has a rational purpose. Accordingly, judgment is granted declaring that Tax Law § 1115 (a) (17) is constitutional. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.