■ In the Matter of DOUGLAS H. CASEMENT, Doing Business as PURPLE PARLOR CAR WASH, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [597 NYS2d 787] —Mahoney, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

Petitioner owns two drive-in, coin-operated, self-service car wash establishments, consisting of a total of 11 bays, located in the City of Poughkeepsie, Dutchess County. In these establishments, different from drive-through car washes, the customer drives his or her car into a bay and inserts quarters into a meter which, in turn, activates hand-held washing equipment for a predetermined period of time. Following a 1988 audit, the Division of Taxation of the Department of Taxation and Finance issued three notices of determination covering the period June 1, 1984 to May 31, 1988 for past due sales taxes on the gross receipts from petitioner's car wash businesses. Following an administrative hearing the Administrative Law Judge (hereinafter ALJ) upheld certain of the notices of determination. In so doing, the ALJ rejected petitioner's arguments that his car wash businesses were exempt from taxation as a laundering service within the meaning of Tax Law § 1105 (c) (3) (ii), that subjecting the gross receipts to sales tax resulted in impermissible double taxation or tax pyramiding and that the imposition of a tax upon coin-operated car washes while excluding coin-operated laundromats violated the Equal Protection Clause. Following review by respondent Tax Appeals Tribunal, which upheld the ALJ's

determination, petitioner commenced this proceeding seeking our review.

We confirm. It is undisputed that petitioner's car washes are enterprises which involve the servicing or maintenance of tangible personal property within the meaning of Tax Law § 1105 (c) (3) and, as such, the receipts therefrom are subject to tax unless specifically excluded. While petitioner urges that his business falls within the Tax Law § 1105 (c) (3) (ii) laundering exclusion, which provides a sales tax exemption for "any receipts from laundering, dry-cleaning, tailoring, weaving, pressing, shoe repairing and shoe shining", we cannot agree. The plain import of the above-quoted language is to exclude from tax only those businesses which provide services directly related to the care of clothing and shoes (accord, 20 NYCRR 527.5 [a] [3] [example 5]; Matter of Delta Sonic Car Wash Sys., Decisions of Tax Appeals Tribunal, Nov. 14, 1991). Indeed, to adopt petitioner's interpretation would be to permit the exclusion to be coterminous with the rule with the unsatisfactory and clearly unintended result that every service taxed under Tax Law § 1105 (c) (3) would be excluded under the exception.

Petitioner's remaining arguments require little discussion. Inasmuch as the sales tax is imposed upon the consumer of the service and not upon the provider, there are no double taxation ramifications attendant on petitioner remitting sales taxes on his gross receipts while paying tax on the purchase of car wash equipment and supplies (i.e., gas, electricity and soap) which are not for resale. Finally, because there are legitimate distinctions between clothing and shoes on the one hand and other items of tangible personal property on the other, it cannot be said that the disparate tax treatment between laundromats and other coin-operated services is arbitrary or invidious so as to sustain an equal protection challenge (see, e.g., Pyramid Co. v Chu, 177 AD2d 970; Matter of Greco Bros. Amusement Co. v Chu, 113 AD2d 622).

Weiss, P. J., Levine and Crew III, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.