■ In the Matter of HAROLD FERTIG, Appellant, v RALPH G. CASO, as County Executive of the County of Nassau, et al., Respondents. In the Matter of MATTHEW J. CRONIN, Appellant, v RALPH G. CASO, as County Executive of the County of Nassau, et al., Respondents.—These are two separate proceedings pursuant to CPLR article 78 to direct respondents to pay petitioners for accumulated vacation time and accumulated sick leave for termination purposes. Each petitioner appeals from the separate judgment of the Supreme Court, Nassau County, dated June 14, 1974 and entered in his proceeding, which, *inter alia,* dismissed his petition. Judgments reversed, on the law, without costs; and both proceedings remanded to Special Term for a joint hearing to determine if the status of each petitioner was equivalent to that of Horace Z. Kramer and, if found to be equivalent, to determine whether the administrative determination as to Mr. Kramer binds the court to a similar determination as to petitioners. On December 31, 1973, the appointed term of each petitioner as a member of the Nassau County Board of Assessors expired. They requested termination benefits of accumulated unused vacation time and accumulated unused sick leave pursuant to subdivisions 6 and 7 of section 3 and section 11 of Nassau County Ordinance No. 34-1969. Their requests were denied on the ground that they were not full-time employees. Subdivisions 6 and 7 of section 3

---

provide for the payment of the monetary value of accumulated vacation time and sick leave on the termination of service of an officer or employee otherwise than by discharge for cause. Section 11, in pertinent part, reads: "Except for subdivisions 6 and 7 of section 3, with subdivision 7 being inapplicable to members of the police force or faculty at Nassau Community College, this ordinance shall not be applicable to the following: 1. elected officials 2. members of a board or commission". The appointed term of Horace Z. Kramer, who was Vice-Chairman of the Board of Assessors, expired on the same date. Mr. Kramer was granted the benefits which were denied to petitioners. Petitioners allege that there is no rational basis for a differentiation between them and Mr. Kramer or for a differentiation in the application of the ordinance as between them and Mr. Kramer. This raises an issue which must be determined at a hearing. Special Term made no factual determination of this issue but simply refused to make an assumption that the status of each petitioner was identical to that of Mr. Kramer. We conclude that the issue must be fully developed and determined. The practical construction of the ordinance given by respondents, that a board member who worked regular 9 to 5 hours, five days a week, was entitled to the accumulated sick leave and vacation termination pay, may be considered by Special Term in making its determination (McKinney's Cons Laws of NY, Book 1, Statutes, § 129). Such an administrative interpretation, if continued for a long time, is entitled to great weight, provided it is found to have a rational and reasonable basis *(Ferraiolo v O'Dwyer,* 302 NY 371, 376). However, it is simply an element to be considered. It is not binding on the court and it may not be given any weight if it follows " 'a course not approved by either statute or rule' " *(Matter of Roosevelt Raceway v Bedell,* 24 Misc 2d 374, 379, citing *Matter of Hines v La Guardia,* 293 NY 207, 216). Rabin, Acting P. J., Hopkins, Martuscello, Cohalan and Munder, JJ., concur.