■ In the Matter of CUSTOM SHOP FIFTH AVENUE CORPORATION et al., Petitioners, v TAX APPEALS TRIBUNAL OF STATE OF NEW YORK et al., Respondents. [600 NYS2d 295] —Casey, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained corporation franchise tax assessments imposed under Tax Law article 9-A.

Petitioners are New York corporations which operate retail men's clothing stores in New York. They are members of an affiliated group of corporations, known as the Custom Shop Group, which has its headquarters in New Jersey. A New Jersey corporation, known as the Payment Corporation, was created to manage the funds generated by the members of the Custom Shop Group, whose gross revenues were transferred periodically to the Payment Corporation. Maintaining separate accounts for each member of the Custom Shop Group, the Payment Corporation paid the operating expenses of each member. Excess revenues were then pooled and invested by the Payment Corporation, in its own name, in common and preferred stocks, certificates of deposit and money market funds. Income and losses from the investments were allocated to the members of the Custom Shop Group. The basis for the allocation is not clear, but petitioners concede that it was "somewhat crude" and did not necessarily bear a direct and accurate relationship to the actual total contribution of each member.

A dispute arose between petitioners and the State Department of Taxation and Finance concerning the characterization of the allocations by the Payment Corporation during the tax years at issue for the purpose of the franchise tax imposed by Tax Law article 9-A. Petitioners took the position that because the allocations were of income derived from investment capital held by the Payment Corporation as the nominee or agent of petitioners and other members of the Custom Shop Group, the income was investment income (see, Tax Law § 208 [5], [6]). The Department was of the view that the Payment Corporation was not petitioners' nominee or agent for investment

purposes and that the income received by the Payment Corporation and allocated to petitioners was not investment income to petitioners. Ultimately, respondent Tax Appeals Tribunal determined that regardless of whether the Payment Corporation was a nominee, the allocations were not investment income to petitioners because the income was not generated by petitioners' investments, and therefore the allocations constituted business income, which is a residual category (see, Tax Law § 208 [8]).

In this proceeding to challenge the determination of the Tribunal, petitioners argue that the income generated by the investments held by the Payment Corporation clearly met the statutory definition of investment income and should not lose its character as investment income when the Payment Corporation passed the income on to the members of the Custom Shop Group, including petitioners, who were the beneficial owners of the investments. The question of whether the allocations by the Payment Corporation to petitioners constituted investment income or business income involves an interpretation of the statutorily defined terms "investment capital" and "investment income" (see, Tax Law § 208 [5], [6]). Although petitioners' argument represents a reasonable and logical interpretation of those terms, the question is whether the construction adopted by the Tribunal is rational, not whether a rational alternative construction exists. Petitioners must show not only that their interpretation of the law is plausible, but also that it is the only reasonable construction available (see, Dental Socy. v New York State Tax Commn., 110 AD2d 988, 989, affd on mem below 66 NY2d 939).

The Tribunal's determination is based upon its conclusion that whether income is investment income to a specific taxpayer within the meaning of the Tax Law depends upon the taxpayer's particular relationship to the asset, not upon ascribing an absolute, unchanging character to an asset and concluding that any income derived from that asset must be investment income. Tax Law § 208 (5) defines investment capital as "investments in stocks, bonds and other securities, corporate and governmental, not held for sale to customers in the regular course of business, exclusive of subsidiary capital and stock issued by the taxpayer". The relevant regulation provides that "investment capital means the taxpayer's investments in stocks, bonds and other securities" (20 NYCRR 3-4.2 [a] [1] [emphasis in original]). Investment income is derived from investment capital (Tax Law § 208 [6]), and based upon these definitions the Tribunal concluded that unless the in-

come was actually derived from the taxpayer's investments it was not investment income to that taxpayer. The Tribunal further concluded that because the amount of the income from investments which the Payment Corporation distributed to each member of the Custom Shop Group, including petitioners, was not based upon the amount invested by each member, the distribution to each member was not actually derived from the distributees's investments and, therefore, was not investment income to the distributee. We find no irrationality in the Tribunal's interpretation and application of the relevant provisions of the Tax Law.

Petitioners contend that this case should not turn on an improper accounting allocation, which can be corrected, but petitioners and other members of the Custom Shop Group apparently chose the accounting method, which they used for a number of years. The Tribunal was justified in examining the accounting method and the basis of the allocation to determine the true substance of the allocation (see, *Matter of Avon Prods. v State Tax Commn.*, 90 AD2d 393, 394-395). Although the Tribunal would have been justified in reaching a different conclusion, we cannot say that its determination to treat the disputed income as business income is irrational. The determination must, therefore, be confirmed.

Weiss, P. J., Levine, Crew III and Mahoney, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.