[608 NYS2d 562]

In the Matter of DATASCOPE CORPORATION, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents.

Third Department, March 3, 1994

APPEARANCES OF COUNSEL

*Eugene B. Fischer,* New York City, for petitioner.

*G. Oliver Koppell, Attorney-General,* Albany *(Denise A. Hartman* and *Nancy A. Spiegel* of counsel), for Commissioner of Taxation and Finance of the State of New York, respondent.

## OPINION OF THE COURT

CASEY, J.

Tax Law former § 1110 provided: "Except to the extent that property or services have already been or will be subject to the sales tax under this article, there is hereby imposed on every person a use tax for the use within this state * * * (B) of any tangible personal property manufactured, processed or assembled by the user, if items of the same kind of tangible personal property are offered for sale by him in the regular course of business".

■ Pursuant to this provision, a use tax was imposed on petitioner, a manufacturer and seller of medical equipment and appliances, based upon the full value of its products that petitioner provided to its salespersons for use as demonstration models to help them solicit orders in New York. Petitioner contends that because the equipment was used only temporarily for demonstration purposes and was thereafter sold to customers in the ordinary course of business, no use tax should be imposed. According to petitioner, the phrase

"[e]xcept to the extent that property * * * will be subject to the sales tax" contained in Tax Law former § 1110 means that a manufacturer will be liable for the use tax only if the manufactured item is permanently withdrawn from the inventory of items held for sale by the manufacturer and the manufacturer's use of the item completely consumes the item. Tax Law § 1101 (b) (7), however, defines use as "[t]he exercise of *any right or power* over tangible personal property by the purchaser thereof and includes * * * *any consumption* of such property" (emphasis supplied). There can be no doubt that petitioner exercised right and power over its equipment when the equipment was provided to its salespersons, and we are of the view that there was some consumption of the equipment within the meaning of the Tax Law.

Most of the equipment is small enough to be carried in an automobile and is portable in nature. The salespersons, who worked out of their own homes, used the equipment as demonstration models to solicit orders for equipment from new or existing customers. The salespersons forwarded the orders to petitioner's home office for acceptance and processing. Petitioner concedes that the equipment was used for demonstration purposes for an average period of two years and any equipment sold after such use was sold as used equipment at a price below its original retail price when it was new. Petitioner maintained a separate account in its records for demonstration equipment, which was deemed a fixed asset, capitalized at the retail price and depreciated. Although petitioner contends that its record keeping was done in this manner to track its medical equipment as required by Federal regulations, petitioner also benefitted by claiming the depreciation on its Federal income tax. Approximately 80% of the demonstration equipment was eventually sold to customers, with most of the remaining equipment being used for parts by petitioner's service department.

■■ Based on all of the relevant facts and circumstances, we conclude that a rational basis exists for the determination by respondent Tax Appeals Tribunal that petitioner used the demonstration equipment and is subject to the use tax imposed by Tax Law former § 1110. The statutory phrase "[e]xcept to the extent that property * * * will be subject to the sales tax" does not, in our view, refer to future sales tax imposed upon some subsequent transaction involving the property, such as its sale as used property after it has been used by the manufacturer or original purchaser. The tax imposed

by Tax Law article 28 is a transaction tax *(Matter of D.J.H. Constr. v Chu,* 145 AD2d 716, 719), and the purpose of the use tax is to complement the sales tax by taxing property brought into and used within the State under circumstances that prevent collection of the sales tax *(Matter of Niagara Junc. Ry. Co. v Creagh,* 2 AD2d 299, 303, *affd* 3 NY2d 831). "The tax has sometimes been referred to as one levied on the privilege of ownership or possession in the storage, use or consumption of tangible property within the taxing area" *(supra,* at 303-304).

Inasmuch as no sales tax has ever been or could have been imposed upon petitioner for bringing its demonstration equipment into New York and using it within the State, a use tax was properly imposed pursuant to Tax Law former § 1110. That most but not all of the demonstration equipment was subject to a sales tax when petitioner completed its use of the equipment and sold it as used equipment is a subsequent event that should not affect the taxability of the property under the use tax provisions. The two transactions are separate and distinct, both in time and in substance. The first transaction, which is subject to the use tax, occurred when petitioner's salespersons took possession of the equipment and began to use it in New York for demonstration purposes to help them solicit orders. The second transaction, which is subject to the sales tax, occurred an average of two years later when the salesperson relinquished possession of the equipment and petitioner sold it in New York as used equipment after performing the necessary testing and recalibration. Petitioner is responsible for the use tax imposed on the first transaction and the purchaser is responsible for the sales tax imposed on the second transaction.

▮ Petitioner also contends that its demonstration equipment should be treated the same as new cars held by dealers and used for demonstration purposes, which the Department of Taxation and Finance has ruled not subject to the use tax. We conclude, however, that the manner and length of time of the use, the nature of the equipment, the Federal income tax benefit derived from the equipment, its subsequent sale as used equipment, and the fact that not all of the equipment is eventually sold provides the requisite differences between petitioner's use of its equipment and an automobile dealer's occasional use of vehicles prior to sale to establish that the distinction in tax treatment is neither arbitrary nor invidious

*(see, Matter of Greco Bros. Amusement Co. v Chu,* 113 AD2d 622, 625).

■ Petitioner's final contention is that the use tax should have been imposed on the reduction in value of the equipment during its use for demonstration purposes, not the full original value of the equipment. Again, petitioner relies upon the Department's treatment of new vehicles held by dealers in their inventory. If those vehicles are used occasionally for business or pleasure by the dealer or its employees, a use tax is imposed based on a 2% per month depreciation. Considering the differences previously referred to, particularly the considerably shorter period of time that such vehicles are held by the dealers, we conclude that petitioner's equipment could rationally be subject to different treatment. The tax imposed on petitioner's equipment was consistent with Tax Law former § 1110 and, therefore, the determination should be confirmed.

CARDONA, P. J., MERCURE, WHITE and WEISS, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.