■ In the Matter of SALVATORE J. RIZZO, Petitioner, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [621 NYS2d 115] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which sustained a personal income tax assessment imposed under Tax Law article 22.

In 1986, pursuant to the issuance of various search warrants, the State Police seized $518,413.10 in U.S. currency from petitioner. As part of a stipulation with the Dutchess County District Attorney's office, petitioner forfeited $212,650.05 of such seized amount (see, CPLR 1311). On petitioner's 1986 tax return, he claimed only $153,310 as taxable income, $135,227 of which was "other income". The Department of Taxation and Finance issued a statement of personal income tax audit changes based upon what was categorized as $518,000 in unexplained cash, less $135,227 in reported gambling winnings. A notice of deficiency was issued against petitioner.

Petitioner appealed the deficiency assessment to the Division of Tax Appeals. The Administrative Law Judge (hereinafter ALJ) reduced the unexplained cash by $162,600 and modified the notice of deficiency for reasons not here relevant, and otherwise upheld the assessment. Petitioner filed a notice of exception to respondent Tax Appeals Tribunal. The Tribunal upheld the ALJ's determination and found it unnecessary to address whether a forfeiture would otherwise be deductible. Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking a review of the Tribunal's determination.

It is well settled that the burden of proof is upon petitioner to prove an erroneous deficiency assessment by clear and convincing evidence (see, Matter of Giuliano v Chu, 135 AD2d 893; see also, Tax Law § 689 [e]). "This burden is a heavy one since courts regularly defer to determinations of the Tax Commission that have a rational basis" (Matter of Giuliano v Chu, supra, at 895). For income tax purposes, New York adjusted gross income follows the Federal adjusted gross income as defined by Federal law (Tax Law § 612 [a]). A trade or business deduction may be included (26 USC § 62 [a] [1]) if such expenses are incurred in the carrying on of any trade or business (26 USC § 162 [a]; § 165 [c] [1]). Petitioner contends that during the tax year of 1986, he was in the business or trade of bookmaking, such that he is entitled to calculate the forfeiture of seized funds as a business expense under 26 USC § 162 (a).

While petitioner is correct that the United States Supreme Court in *Commissioner of Internal Revenue v Groetzinger* (480 US 23, 35) held that a full-time gambler who makes wagers solely for his own account is engaged in a trade or business for purposes of 26 USC § 162 (a), such determination requires an examination into the facts of each case *(supra,* at 36). Here, petitioner testified that the income under review derived from gifts from his father and mother-in-law, business savings and winnings from legal gambling. He did not testify that he is a full-time gambler or bookmaker, but rather testified that he was employed as a manager of a car wash having previously been employed by IBM. Evidence of other employment has been held to defeat an assertion of gambling as full-time employment *(see, Jones v Commissioner of Internal Revenue,* 55 TCM [CCH] 1690). We further note that petitioner pleaded guilty to possession of gambling records in the second degree, a crime which does not delineate volume of gambling activity *(see,* Penal Law § 225.15). We reject the remaining contentions regarding the applicability of 26 USC § 1341 and evidence of petitioner's registration as a bookmaker for Federal tax purposes since such contentions were not raised at the administrative level *(see, Matter of Freer v State Tax Commn.,* 98 AD2d 834). Accordingly, we find that petitioner has failed to sustain his burden of showing an erroneous deficiency assessment.*

Petitioner next contends that the forfeiture should be allowed as a deduction for "any loss sustained during the taxable year and not compensated for by insurance or otherwise" (26 USC § 165 [a]) since such deduction is allowable for "losses incurred in any transaction entered into for profit, though not connected with a trade or business" (26 USC § 165 [c] [2]) or "[l]osses from wagering transactions * * * to the extent of the gains from such transactions" (26 USC § 165 [d]). The Tribunal rejected the applicability of such sections since the loss took the form of a forfeiture as part of a consensual agreement with the District Attorney and, therefore, it was neither a "transaction entered into for profit" nor a loss from a "wagering transaction". We find such construction entirely rational and reject petitioner's alternate construction *(see, Matter of Custom Shop Fifth Ave. Corp. v Tax Appeals Tribunal,* 195 AD2d 702). We further note, as did the court in *Mack*

---

* Given the Tribunal's finding that petitioner had failed to show that he was engaged in the trade or business of illegal bookmaking and given our confirmance on such issue, we need not address the applicability of 26 USC § 162 (f).

*v Commissioner of Internal Revenue* (58 TCM [CCH] 89), that to allow such deduction would mitigate the impact of the State's policy against illegal gambling *(see,* Penal Law §§ 225.00-225.40). As noted in *Mack:* "public policy is directly offended by Mack's actions. Mack had no right, constitutional or otherwise, to engage in illegal gambling * * *. He did so at his own risk, and the resulting losses should be born solely by him. Otherwise, the government would be forced to underwrite a portion of the costs incurred by Mack in his illegal enterprises" *(Mack v Commissioner of Internal Revenue, supra).* Accordingly, we uphold the finding of the Tribunal.

The Tribunal further upheld the ALJ's determination that petitioner's income was not personal service income. Therein, the ALJ traced Tax Law former § 603-A (b) (1) (A) (L 1981, ch 1043, § 7, repealed by L 1987, ch 28, § 5) to its corresponding tax regulations found in 20 NYCRR former 100.4 (c). Those specific regulations define personal service income and specifically exclude gambling winnings from the definition thereof. Although petitioner contends that his earnings from bookmaking are not "gambling" winnings, we find that the ALJ and the Tribunal correctly determined that the exclusion of earnings from "bookmaking" is entirely consistent with the underpinnings of the statutory scheme *(see,* Penal Law § 225.00 [9]) and rationally concluded that bookmaking earnings were properly excluded from the definition of personal service income by 20 NYCRR former 100.4 (c) *(cf., Matter of Custom Shop Fifth Ave. Corp. v Tax Appeals Tribunal,* 195 AD2d 702, *supra).*

Based upon the foregoing, we confirm the determination of the Tribunal in its entirety.

Cardona, P. J., Mercure, White and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.