■ In the Matter of JOHN A. KEEFFE et al., Petitioners, v TAX APPEALS TRIBUNAL OF THE STATE OF NEW YORK et al., Respondents. [627 NYS2d 851] —Cardona, P. J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determination of respondent Tax Appeals Tribunal which denied petitioners' motion to reopen a small claims determination sustaining a personal income tax assessment imposed under Tax Law article 22.

In this proceeding, petitioners challenge a determination of respondent Tax Appeals Tribunal which denied their motion to reopen the decision of a small claims Presiding Officer which upheld a personal income assessment as calculated by the Division of Taxation (hereinafter Division) of the Department of Taxation and Finance. We find that the issues raised by petitioners lack merit; therefore, the Tribunal's determination is confirmed.

Upon petitioners' instituting the small claims proceeding to revise their State income tax assessment, a hearing was conducted by a Presiding Officer. The Presiding Officer specifically advised petitioners that prior to the hearing's conclusion, they could discontinue the small claims proceeding and have the matter transferred to a proceeding before an Administrative Law Judge (hereinafter ALJ). Petitioners did not exercise that right. Petitioners were also informed that the Presiding Officer's decision was final with neither side having a right of review. After the hearing, the Presiding Officer denied the request for a redetermination. Thereafter, petitioners moved to

reopen the small claims hearing. An ALJ denied the motion and, after petitioners filed a notice of exception to the ALJ's decision, the Tribunal upheld the ALJ's determination, prompting petitioners to commence this proceeding.

Initially, we emphasize that the issue before this Court is not whether the Presiding Officer's initial decision should be set aside on its merits but rather whether the Tribunal properly denied the motion to reopen. In confirming the Tribunal's determination, we are guided by the provisions of Tax Law § 2012. That statute specifically prohibits both administrative and judicial review of a small claims decision with one exception. Under that exception, the Tribunal "may order a rehearing upon proof or allegation of misconduct by the presiding officer of the small claims proceeding" (Tax Law § 2012). Here, however, in making their motion before the ALJ, petitioners never alleged any misconduct on the part of the Presiding Officer and, as the ALJ noted, review of a small claims hearing was precluded absent proof of misconduct by the Presiding Officer. In fact, in arguing their case before the ALJ, petitioners asserted that they had "absolutely no complaint" with the Presiding Officer. It was not until they filed their exceptions with the Tribunal that petitioners claimed misconduct on the part of the Presiding Officer. Under these circumstances, we find that the Tribunal's conclusion, that petitioners' belated allegations were "incredible" and advanced only in an effort to fit the case within the provisions of Tax Law § 2012, to be rational and supported by substantial evidence (*see, Matter of Ianniello v New York Tax Appeals Tribunal*, 209 AD2d 740; *Matter of Datascope Corp. v Tax Appeals Tribunal*, 196 AD2d 35).

We also find the Tribunal's construction of the statute entirely rational and reject petitioners' alternate construction (*see, Matter of Rizzo v Tax Appeals Tribunal*, 210 AD2d 748; *Matter of Custom Shop Fifth Ave. Corp. v Tax Appeals Tribunal*, 195 AD2d 702). Petitioners contend that a small claims matter may also be reopened where a movant has demonstrated a compelling reason to do so. Even if we accepted that interpretation of the law as plausible, petitioners failed to show that it was the only reasonable construction available (*see, Matter of Custom Shop Fifth Ave. Corp. v Tax Appeals Tribunal, supra*). In fact, their interpretation is actually inconsistent with the statute's clear and unambiguous language (*see generally, Matter of Alonzo M. v New York City Dept. of Proba-*

*tion*, 72 NY2d 662, 665).\* The mandate of Tax Law § 2012 is obvious and applying the literal language of the statute does not lead to an absurd result (*see, Matter of United States Life Ins. Co. v Tax Appeals Tribunal*, 194 AD2d 952, *lv denied* 82 NY2d 657). The Legislature manifestly intended for small claims matters to be conclusive (*see*, Tax Law § 2012) and such proceedings are plainly meant to provide an expeditious and informal resolution of tax controversies. The Legislature could have provided greater protections but chose not to do so. If petitioners desired the same protections as more formal agency proceedings, they had the right, and were so informed, to have the matter transferred to an ALJ (*see*, Tax Law § 2012). There is, thus, no basis for construing the statute in the manner urged by petitioners.

We further reject petitioners' assertion that the Tribunal's construction of the statute denies them their rights to due process. While due process considerations require that a party to an administrative hearing be accorded a fair and just hearing (*see, Ughetto v Acrish*, 130 AD2d 12, *appeal dismissed* 70 NY2d 871; *Matter of Rudner v Board of Regents*, 105 AD2d 555), a State is not required to provide appellate review as long as due process was accorded in the tribunal of the first instance (*see, Ohio v Akron Park Dist.*, 281 US 74, 80). In the instant matter, it is noted that it was petitioners' choice to utilize the small claims procedure. By voluntarily entering into an agreement for the resolution of a dispute in a manner which dispenses with certain constitutional rights, a party can be deemed to have waived due process requirements (*see, Antinore v State of New York*, 49 AD2d 6, 10, *affd* 40 NY2d 921). In any event, petitioners' due process rights were sufficiently protected by the procedures set forth in Tax Law § 2012. They were given the right to withdraw the case and submit it to an ALJ at any time prior to the conclusion of the hearing before the Presiding Officer. In addition, they were protected against any possible misconduct by the Presiding Officer by the opportunity to reopen the hearing on that basis.

Petitioners' remaining arguments have been examined and rejected as unpersuasive.

Mercure, White, Peters and Spain, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

\* To the extent that petitioners rely on a prior decision by an ALJ in another matter, we note that the Tribunal was not required to follow such a decision and, even if it were, such a decision is not binding on this Court (*see, Matter of Fertig v Caso*, 49 AD2d 573; *People v Shapiro*, 139 Misc 2d 344).