◼ In the Matter of JOSEPH SCHNELL et al., Petitioners, v COMMISSIONER OF TAXATION AND FINANCE et al., Respondents. [812 NYS2d 664]—

Kane, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Tax Law § 2016) to review a determina-

tion of respondent Tax Appeals Tribunal which denied petitioners' claimed bad debt deduction.

Petitioner Joseph Schnell was the sole proprietor of a plumbing business. Due to the allegedly improper termination of several contracts, the business never received any income. In 1999 and 2000, petitioners claimed bad debt deductions of $28,500 and $30,000 on their personal income tax returns in amounts purported to represent income that Schnell was entitled to receive as wages for his work on the terminated contracts. On those returns, petitioners listed no business income and indicated that they utilized the cash accounting method. Under the cash accounting method, income is included as gross income in the year it is actually or constructively received by the taxpayer (*see* 26 CFR 1.451-1). Respondent Commissioner of Taxation and Finance conducted an audit of petitioners' tax returns and issued a notice of deficiency based on the bad debt deductions. After petitioners contested the notice, an administrative law judge granted summary determination in the Commissioner's favor. Respondent Tax Appeals Tribunal upheld that decision, prompting petitioners to commence this proceeding.

We confirm. For income tax purposes, state adjusted gross income is generally defined by federal law (*see* Tax Law § 612 [a]; *Matter of Rizzo v Tax Appeals Trib. of State of N.Y.*, 210 AD2d 748, 748 [1994]). Although 26 USC § 166 provides that business debts which become worthless during any taxable year may be deducted for that tax year (*see* 26 USC § 166 [a] [1]), a regulation provides that "[w]orthless debts arising from unpaid wages . . . and similar items of taxable income shall not be allowed as a deduction under [26 USC § 166] unless the income such items represent has been included in the return of income for the year for which the deduction as a bad debt is claimed or for a prior taxable year" (26 CFR 1.166-1 [e]). As petitioners' tax returns for 1999 and 2000 did not include the income represented by these bad debts, and they do not aver that such income was included in any prior year, they were not entitled to a bad debt deduction (*see Gertz v Commissioner of Internal Revenue*, 64 USTC 598, 600 [1975]). Thus, petitioners failed to meet their burden of demonstrating that the Commissioner's decision and the Tribunal's affirmance were arbitrary, capricious or erroneous (*see Matter of Sumitomo Trust & Banking Co. [U.S.A.] v Commissioner of Taxation & Fin.*, 280 AD2d 706, 709 [2001]).

Mercure, J.P., Crew III, Peters and Mugglin, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.